James **GARLAND,** Appellant,

v.

Edward J. **DERWINSKI,** Secretary
of Veterans Affairs, Appellee.

No. 90–414.

United States Court of Veterans Appeals.

Submitted March 22, 1991.

Decided May 22, 1991.

James Garland, pro se.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Deborah W. Singleton, Washington, D.C., were on the pleadings, for appellee.

Before KRAMER, FARLEY and MANKIN, Associate Judges.

PER CURIAM:

On August 20, 1980, the Board of Veterans' Appeals (BVA) ruled that the appellant, James Garland, had not established entitlement to service connection for a right hip disability. In the decade since that decision, the appellant has sent the Department of Veterans Affairs (VA) the

results of a March 4, 1986, medical examination, Army outpatient treatment notes showing that he was treated for a cold and received dental work while in the service, and numerous old medical records which had been previously considered by the VA and the BVA. On February 6, 1990, the BVA denied the appellant's attempt to reopen his claim for service connection for a right hip disability, stating that the evidence submitted since the 1980 BVA decision was not of a type that could *"materially* alter the factual situation" of the appellant's prior claim. *James Garland,* loc. no. 004957, at 5 (BVA Feb. 6, 1990) (emphasis added). A timely appeal to this Court on this issue then followed.

■ When a veteran submits evidence in an attempt to reopen a claim which is subject to a final VA or BVA decision, the adjudicating body (either a VA Regional Office or the BVA) must first determine if the evidence submitted by the veteran is new and material. If the submitted evidence is not new and material, the adjudicating body does not reopen the appellant's claim. Where the evidence is new and material, the adjudicating body reopens the claim and determines if the sum of the evidence, both old and new, warrants the granting of the veteran's claim. *Manio v. Derwinski,* 1 Vet.App. 140 (1991).

■ BVA decisions that evidence is not new and material are appealable to this Court. When reviewing these decisions, the Court applies a *de novo* standard of review. *Smith v. Derwinski,* 1 Vet.App. 178, 180 (1991); *Colvin v. Derwinski,* 1 Vet.App. 171, 173 (1991). Evidence is considered new when it is not "merely cumulative of other evidence on the record," and is considered material when "it is relevant and probative of the issue at hand." *Colvin,* at 174.

■ Applying the above two tests to the BVA decision at issue in this appeal, we find that the BVA was correct in holding that the evidence submitted since the 1980 decision was not new and material. As noted above, much of the evidence sub-

mitted by the appellant since 1980 had already been considered by the VA, and therefore was not new. The evidence that was not previously submitted consisted of either contemporary medical treatment records, or in-service treatment records for unrelated medical problems. This evidence, however, was not relevant and probative of the issue at hand—service connection for a right hip disorder—and therefore, though new, was not material.

In light of the foregoing discussion, the decision of the BVA is AFFIRMED.