Leslie J. MILLION, Appellant,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

No. 90–602.

United States Court of Veterans Appeals.

Submitted April 4, 1991.
Decided Dec. 27, 1991.

Leslie J. Million, pro se.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Thomas A. McLaughlin, Washington, D.C., were on the brief, for appellee.

Before STEINBERG, Associate Judge.

## MEMORANDUM DECISION

STEINBERG, Associate Judge:

The veteran, Leslie J. Million, appeals from a March 23, 1990, decision of the Board of Veterans' Appeals (BVA or Board) denying him an effective date earlier than March 18, 1964, for a grant of service connection for the ununited fracture of his left wrist. Because this Court finds no error in the BVA decision, the decision will be affirmed.

The veteran served in the U.S. Army from March 1942 to January 1946, and from June 1948 to March 1950. R. at 21, 97. On November 14, 1947, he was granted service connection, at a zero-percent rating, for a ganglion of the left wrist with a post-operative scar. R. at 42. At that time, his wrist was found not to be so disabled as to warrant a compensable rating. R. at 45–46.

Upon examination at a Veterans' Administration (now Department of Veterans Af-

fairs) (VA) hospital in December 1956, X-rays revealed an old ununited fracture of the veteran's left wrist. R. at 100. In decisions in 1958 and 1959, the BVA denied the veteran's claims for service connection for the fracture of the left wrist, on the ground that the evidence did not demonstrate that it was incurred in service. R. at 102, 104. In 1964, the VA secured additional evidence relating to the veteran's left-wrist fracture and awarded him a twenty-percent service-connected rating for that condition. R. at 130. The effective date of the award was March 18, 1964, the date the veteran's claim for service connection for the left-wrist fracture was reopened. *See* 38 C.F.R. § 3.400(r) (1991). The veteran appealed to the BVA, seeking an earlier effective date for the award. In a May 14, 1965, decision, the BVA denied an earlier effective date. R. at 134.

The veteran sought to reopen his claim again in 1989. R. at 135. In support of his claim, he submitted several items of evidence which had been before the BVA in its previous decisions. R. at 136, 150–153. He also submitted an April 22, 1946, affidavit, which apparently was not previously before the Board, in which he stated that he suffered a left-wrist injury during service. R. at 154. In its March 23, 1990, decision, the BVA denied an earlier effective date for the service-connected left-wrist fracture, stating that the evidence submitted in support of the veteran's reopened claim did not establish a new factual basis upon which the 1965 decision could be revised. *Leslie J. Million*, BVA 89-08491, at 4 (March 23, 1990). Under 38 U.S.C. § 7104(b) (formerly § 4004), subject to the exception in 38 U.S.C. § 5108 (formerly § 3008), "when a claim is disallowed by the Board, the claim may not thereafter be reopened and allowed". The exception in section 5108 provides that a claim must be reopened when new and material evidence has been presented or secured with respect to that claim.

In the present case, the veteran has not submitted, nor has VA secured, any evidence that is new and material to the issue of entitlement to an earlier effective date for service connection of the left-wrist fracture. With the apparent exception of the veteran's April 1946 affidavit, the evidence submitted in connection with the veteran's present claim was before the BVA when it rendered its 1965 decision. Therefore, that evidence is not "new". *See Smith v. Derwinski*, 1 Vet.App. 235, 237 (1991); *Jones v. Derwinski*, 1 Vet.App. 210 (1991); *Colvin v. Derwinski*, 1 Vet.App. 171, 173–74 (1991). As to the affidavit, it was very similar to previously-submitted evidence showing that the veteran suffered a left-wrist injury in service. Even assuming that the affidavit was new, it was not "material" to the issue of an earlier effective date. The affidavit states that the veteran incurred a "left wrist injury" in service. However, the affidavit does not indicate that the veteran suffered a fracture of the left wrist in service. It is established that he suffered from a ganglion and a post-operative scar incurred in service. Therefore, evidence that the veteran suffered a "left wrist injury" in service does not tend to prove that the injury was a fracture. Under these circumstances, the evidence is not material because there is not a reasonable possibility that "the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *See Godwin v. Derwinski*, 1 Vet.App. 419, 425 (1991); *Colvin*, at 174; *Smith*, at 235. Because there is no new and material evidence with respect to the veteran's claim for an earlier effective date, that claim could not be reopened and allowed consistent with 38 U.S.C. § 7104(b).

The veteran apparently also asserts that the BVA committed error in its prior adjudications. Absent new and material evidence or an order of reconsideration by the BVA Chairman, final BVA decisions can be revised only to correct clear and unmistakable error. Under 38 C.F.R. § 3.105, "[w]here evidence establishes [clear and unmistakable] error, the prior [BVA] decision will be reversed or amended." *See also* 38 U.S.C. § 7103(c) (formerly § 4003). Clear and unmistakable error will be found only where there is "adminis-

trative error [occurring] during the adjudication process", such as a failure "to apply the correct statutory [or] regulatory provisions". *Thompson v. Derwinski*, 1 Vet. App. 251, 253–54 (1991); *see also Oppenheimer v. Derwinski*, 1 Vet.App. 370, 371–72 (1991). In the present case, the veteran has failed to demonstrate any clear and unmistakable error in the prior BVA decisions which would warrant a grant of an effective date earlier than March 18, 1964. Furthermore, even if the veteran were demonstrably entitled to an earlier effective date for the grant of service connection of his left wrist fracture, he would still not be entitled to an earlier date for a *compensable* rating for that condition. The record demonstrates that the veteran's left wrist was not disabled to a compensable degree in 1947, when he was granted service connection for the ganglion in his left wrist, or any time prior to 1964. Therefore, even if clear and unmistakable error were shown to exist with regard to the effective date of the award of service connection for the left-wrist fracture, such error would not be prejudicial and there would be no basis for granting the veteran retroactive benefits on the basis of an earlier effective date. *See* 38 U.S.C. § 7261(b) (formerly § 4061).

Upon consideration of the record and the briefs of the parties, it is held that the appellant has not demonstrated that the BVA committed error, in its findings of fact, conclusions of law, procedural processes, consideration of the benefit-of-the-doubt doctrine, or articulation of reasons or bases, that would warrant remand or reversal under 38 U.S.C. §§ 7252, 5107(b), 7104(d)(1), 7261 (formerly §§ 4052, 3007, 4004, 4061) and the analysis in *Gilbert v. Derwinski*, 1 Vet.App. 49 (1990). It is further held that summary disposition is appropriate under *Frankel v. Derwinski*, 1 Vet.App. 23 (1990). Therefore, the Secretary's motion for summary affirmance of the October 23, 1990, BVA decision is granted.

AFFIRMED.