**James E. WIPPRECHT, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–559.**

United States Court of Veterans Appeals.

Submitted July 30, 1991.

Decided January 31, 1992.

---

**15.** *See supra* note 6.

**132**

Andrew H. Marshall (non-attorney practitioner) was on the brief and the motion, for appellant.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Jacqueline M. Sims, Washington, D.C., were on the motion, for appellee.

Before NEBEKER, Chief Judge, and HOLDAWAY and IVERS, Associate Judges.

PER CURIAM:

Appellant, James E. Wipprecht, seeks review, under Rule 35, of this Court's July 11, 1991, single judge decision, 1 Vet.App. 390, which summarily affirmed a March 5, 1990, decision of the Board of Veterans' Appeals (BVA or Board). The Court grants appellant's motion for review and vacates its judgment heretofore entered, its Memorandum Decision affirming the Board's decision and the single judge order denying reconsideration.

On appeal, appellant argues that the BVA committed clear and unmistakable er-

ror in its March 5, 1990, decision. In *Thompson v. Derwinski*, 1 Vet.App. 251, 253 (1991), we defined clear and unmistakable error to mean "administrative error": a failure to apply correct statutory and regulatory provisions to the correct and relevant facts. *See also Oppenheimer v. Derwinski*, 1 Vet.App. 370 (1991). Appellant does not assert such an administrative error; rather he argues with the Board's factual findings. Specifically, he argues that since his induction examination did not contain evidence of a psychiatric condition, he was presumed in sound condition which could only be controverted by clear and unmistakable evidence that the condition existed prior to enrollment *and* clear and unmistakable evidence that the condition was not aggravated by service. Sufficient evidence to overcome this presumption, he asserts, was never submitted.

In essence then, appellant's argument is that the Board's factual findings were erroneous. If his claim had been reopened we could have reviewed these factual findings. Appellant, however, lacked "new and material" evidence to reopen his claim and therefore could only attack the earlier decisions through asserting clear and unmistakable error. Since such a review allows this Court to review for administrative error and not factual determinations, it is the Court's holding that the record on appeal does not demonstrate that the Board committed error which would warrant reversal or remand. *See Bentley v. Derwinski*, 1 Vet.App. 28 (1990); *Akins v. Derwinski*, 1 Vet.App. 228 (1991). Summary affirmance is appropriate. *Frankel v. Derwinski*, 1 Vet.App. 23 (1990).

Therefore, appellee's motion for remand is DENIED and the decision of the BVA is AFFIRMED.