**John E. MOORE, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 91–80.

United States Court of Veterans Appeals.

Argued Oct. 31, 1991.

Decided Feb. 19, 1992.

As Amended April 8, 1992.

210

Kenneth M. Carpenter, Topeka, Kan., for appellant.

Craig M. Kabatchnick, argued the cause, for appellee, Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Stephen A. Bergquist, Washington, D.C., were on the brief.

Before NEBEKER, Chief Judge, and MANKIN and IVERS, Associate Judges.

MANKIN, Associate Judge:

Appellant, John E. Moore, notes an appeal from a September 14, 1990, decision of the Board of Veterans' Appeals (BVA or Board) denying service connection for a bilateral knee disorder and an increased disability rating for a service-connected low back disorder. The Court has jurisdiction of the case pursuant to 38 U.S.C. § 7252(a) (formerly § 4052(a)). Because the Court finds no error in the BVA decision, the decision will be affirmed.

## I.  FACTS

Moore served on active duty in the Army from May 28, 1954, to May 28, 1956, and reenlisted from May 28, 1958, to June 11, 1965. R. at 11. Appellant filed his first claim for compensation on April 27, 1971, for a service-connected back injury. R. at 61–65. On August 27, 1971, the Veterans' Administration (now Department of Veterans Affairs) (VA) denied service connection for an umbilical hernia, but awarded him a disability rating of 10% from April 27, 1971,

for "Residuals of Laceration of the Right Thumb with Tendon Contracture and Nerve Damage", and a 10% disability rating from April 27, 1971, for "Lumbosacral Region, Transitional Anomaly with Associated Sclerosis", for a combined total disability rating of 20%. R. at 76–77.

On January 1, 1972, claimant filed a statement in support of his claim and added to his original claim, the injury to his right knee, right leg, whiplash injury to his neck and head, and a skin condition on his left hand, including the names of all treatment facilities. R. at 79. He also submitted an accident report to substantiate his claim. R. at 81–82. On January 19, 1972, the VA Regional Office (VARO) reopened the April 27, 1971, claim and added service connection of a noncompensable degree for his left hand, but found no residuals of the injury to the right knee, right leg, whiplash injury to the neck and head in the last examination. The total disability rating remained at 20%, for the right thumb (10%) and back (10%). R. at 84–85.

On October 7, 1982, the veteran requested a reevaluation of service connection for his knees. R. at 89. On December 2, 1982, the VARO issued a deferred rating decision to give the veteran an opportunity to submit medical evidence showing treatment for bilateral knee condition since June 11, 1965, including current findings and diagnosis. R. at 91. No evidence was submitted until he was admitted into the VA Medical Center (VAMC) in Topeka, Kansas for an evaluation, primarily for alcohol abuse and hypertension, on February 25, 1986. R. at 95–97. On April 29, 1986, the VARO confirmed the rating decision of January 19, 1972, noting treatment for non-service-connected disabilities and no complaints, symptoms, or diagnosis for service-connected disabilities during the medical evaluation. R. at 99. On May 14, 1986, the VA received the statement in support of his claim requesting service connection for his bilateral knee problem. R. at 101. While the VARO reopened his claim, he was denied service connection for the bilateral knee problem on June 10, 1986. R. at 103–04. He filed his Notice of Disagreement (NOD) with the rating decision on

June 18, 1986, and filed his Notice of Appeal (NOA) to the BVA on October 29, 1986. R. at 115. The BVA issued a decision on June 15, 1987, denying entitlement to service connection for a bilateral knee disorder, entitlement to an increased rating for the residuals of a right thumb laceration, entitlement to an increased rating for a low back disorder, and entitlement to an increased rating for dermatitis venenata of the left hand. R. at 127–34.

On September 19, 1988, following a series of medical examinations in July 1988 for the treatment of sensory motor peripheral neuropathy due to chronic ethanol abuse involving lower extremities, and also, to lesser degree, to upper extremities, the VARO confirmed the rating decision of June 10, 1986. R. at 139. After claimant made another request for a medical examination on February 27, 1989, an evaluation was performed on March 21, 1989. According to the in-service medical records reviewed, the physician noted that the veteran "apparently has had a right knee injury, the exact relationship of this to service is somewhat questionable and is given as chronic right knee condition." R. at 149. The rating decision of June 10, 1986, was again confirmed by the VARO on August 2, 1989. R. at 156. Appellant's NOD with the August 1989 rating decision was filed on August 18, 1989. R. at 158. Included with his statement in support of his claim were his service medical records from treatment between 1955 and 1965. R. at 169–77. On September 14, 1990, the BVA denied service connection for a bilateral knee disability and denied entitlement to an increased rating for his low back injury. *John E. Moore*, BVA 90–31680 (Sept. 14, 1990). From this BVA decision, the veteran appeals.

## II. ANALYSIS

### A. Service Connection for Bilateral Knee Disability

Service connection for the veteran's knee problems has been consistently denied since the January 19, 1972, rating decision. Under 38 U.S.C. § 7104(b) (formerly

§ 4004), subject to the exception in 38 U.S.C. § 5108 (formerly § 3008), "when a claim is disallowed by the Board, the claim may not thereafter be reopened and allowed and a claim based upon the same factual basis may not be considered." The exception in section 5108 states that a claim shall be reopened when new and material evidence has been presented or secured with respect to that claim.

■ When a veteran attempts to reopen a previously denied claim based upon new evidence, "the BVA must perform a two-step analysis." *Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991).

> First, the BVA must determine whether the evidence is 'new and material'. 38 U.S.C. [§ 5108 (formerly § 3008)]. Second, if the BVA determines that the claimant has produced new and material evidence, the case is reopened and the BVA must evaluate the merits of the veteran's claim in light of *all* the evidence, both new and old.

*Id.* The claimant bears the initial burden of presenting "new and material" evidence under 38 U.S.C. § 5108. In this case, the veteran has not presented, nor has the VA secured, any evidence that is new and material to issue of entitlement to service connection for a bilateral knee disability. The BVA concluded in its "Findings of Fact" that

> Additional evidence consisting of the results of a March 1989 VA examination and photocopies of service medical records previously considered by the Board of Veterans [sic] Appeals in the June 1987 decision does not provide a factual basis for the grant of service connection for a bilateral knee disability.

*Moore*, BVA 90–31680, at 8. The March 1989 neurological examination revealed "Apparent degenerative condition in the knee (see orthopedic consultation)." R. at 149. The March 1989 radiology report stated that "both knees show adequate bone density. Normal bony architecture. Joint spaces are adequately maintained." R. at 151. The report concluded "Both Knees within normal limits." While acknowledging that the recent medical examination

was "new" evidence, the BVA concluded that "new and material evidence which would provide a new factual basis for grant of this claim has not been submitted." *Moore*, BVA 90–31680, at 7. The service medical records submitted, while already considered by the 1987 BVA decision and thus not "new", only showed the status of appellant's knee condition in service and does not link his current knee complaints to any injury in service. Because there was no new and material evidence to substantiate appellant's claim for service connection for a bilateral knee disability, that claim could not be reopened and allowed consistent with the provisions of section 7104(b). The Court does not find the BVA determination to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" under 38 U.S.C. § 7261(a)(3)(A) (formerly § 4061) to warrant a remand. *See Manio*, 1 Vet.App. at 146.

■ The BVA found, in the "Conclusions of Law" section of its decision, that

> The decision of the Board of Veterans [sic] Appeals in June 1987 is final; and a new factual basis warranting service connection for a bilateral knee disability has not been established by additional evidence received since then.

*Moore*, BVA 90–31680, at 7. Although the 1987 BVA decision is final, appellant contends that the Court can review this determination under *Bentley v. Derwinski*, 1 Vet.App. 28 (1990) by finding clear and unmistakable error. Clear and unmistakable error will be found only where there is an "administrative failure to apply the correct statutory and regulatory provisions to the correct and relevant facts: it is not a misinterpretation of facts." *Oppenheimer v. Derwinski*, 1 Vet.App. 370, 372 (1991); *see Thompson v. Derwinski*, 1 Vet.App. 251, 253 (1991). While appellant alleges clear and unmistakable error, he argues his disagreement with the 1987 BVA decision and its interpretation of the facts. In the present case, appellant has failed to demonstrate any clear and unmistakable error in the 1987 BVA decision which would estab-

lish service connection for a bilateral knee disability.

### B. Increased Evaluation for a Low Back Disorder

■ Appellant is currently receiving compensation for a service-connected low back disorder rated as 10% disabling. He seeks an increased disability rating. The BVA decision on appeal affirmed the rating decision of August 2, 1989, which concluded that more than a 10% disability rating was not warranted. R. at 156. The applicable diagnostic code (DC) in the schedule of ratings for the musculoskeletal system distinguishes between a 20% and a 10% disability rating as follows:

5295 Lumbosacral strain:
> With muscle spasm on extreme forward bending, loss of lateral spine motion, unilateral, in standing position .................... 20
> With characteristic pain on motion 10

38 C.F.R. § 4.71a, DC 5295 (1991).

The March 1989 compensation and rating examination found that the "Back shows no tenderness or spasm.... Mechanical low back pain, rule out early degenerative arthritis." R. at 148. The neurological examination states that "He can flex his back only about 25% normal range.... Apparent limitation of motion possibly secondary to osteoarthritic changes." R. at 149. The radiology report concluded "lumbar spine showing no abnormalities on the survey views." R. at 153. The BVA reconciled these examinations in its "Discussion and Evaluation" by stating

> "The March 1989 VA examination show that the veteran has lost some range of motion in the lumbar spine. However, there was no tenderness or spasms and X-ray studies show no abnormalities.... In addition, this panel notes that the March 1989 VA examination was complete, and included range of motion studies, X-ray studies, and a neurological examination. A remand for additional studies is, therefore, unnecessary."

*Moore*, BVA 90–31680, at 7–8. Based on these examinations, the BVA concluded that "The veteran's service-connected low back disability is no more than 10% disabling." *Moore*, BVA 90–31680, at 8.

The Court is satisfied that the BVA decision does provide reasons or bases for its findings and conclusions on all material issues of fact and law presented on this record to fulfill the requirements of 38 U.S.C. § 7104(d)(1). *Gilbert v. Derwinski*, 1 Vet.App. 49, 57 (1990). The Court also finds that the BVA's account of the evidence is plausible in light of the record viewed in its entirety. Therefore, this Court "may not reverse it even though convinced that had it been sitting as trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Gilbert*, 1 Vet.App. at 52 (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985)).

### III. CONCLUSION

It is the holding of this Court that appellant has not demonstrated that the BVA committed either factual or legal error which would warrant a reversal or a remand. Accordingly, the September 14, 1992, decision of the Board of Veterans' Appeals is AFFIRMED.