Citation Nr: 1438783 
Decision Date: 08/29/14 Archive Date: 09/03/14

DOCKET NO. 12-07 363 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) in St. Louis, Missouri


THE ISSUES

1. Entitlement to dependency and indemnity compensation (DIC) under 38 U.S.C.A. § 1318. 

2. Whether the RO's March 9, 1993 rating decision that denied service connection for hearing loss and tinnitus should be reversed or revised on the basis of clear and unmistakable error (CUE). 

REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

C. L. Wasser, Counsel


INTRODUCTION

The Veteran, who died in July 2010, served on active duty from September 1943 to April 1946. The appellant is his surviving spouse. 

This case comes to the Board of Veterans' Appeals (Board) on appeal from an October 2010 decision by the RO in St. Louis, Missouri that denied entitlement to DIC. The appellant perfected an appeal for DIC under 38 U.S.C.A. § 1318. 

The Board remanded this appeal in April 2014, and the case was subsequently returned to the Board.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2002).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In April 2014, the Board remanded the appeal to the AOJ for additional development. Some development was completed, and the case was subsequently returned to the Board. Unfortunately, there was inadequate compliance with the remand directives, so another remand is required. See Stegall v. West, 11 Vet. App. 268, 271 (1998); D'Aries v. Peake, 22 Vet. App. 97, 105 (2008). Essentially, the AOJ failed to adjudicate the intertwined CUE claim, and did not attempt to obtain any outstanding VA medical records that existed at the time of a March 9, 1993 RO decision.
Moreover, the AOJ received additional evidence from the appellant in June 2014, prior to the issuance of the July 2014 supplemental statement of the case, but this evidence was not reviewed by the AOJ. In fact, the AOJ incorrectly stated in its supplemental statement of the case that the appellant had not responded to its April 2014 development letter. On remand, this additional evidence must be reviewed by the AOJ. 38 C.F.R. §§ 19.31, 19.37.

In her June 2014 statement, the appellant said that the Veteran was treated for several years at the Kansas City VA Medical Center (VAMC), and requested that the AOJ obtain such VA medical records. There is no indication in the file that the AOJ attempted to obtain such records as directed by the Board's prior remand, and, as previously noted, VA medical records are in constructive possession of the agency and must be obtained. See Bell v. Derwinski, 2 Vet. App. 611 (1992). In particular, the AOJ should attempt to obtain any relevant VA treatment records that existed at the time of the March 9, 1993 RO decision.

The appellant seeks entitlement to DIC under 38 U.S.C.A. § 1318. As pertinent to this case, governing law and regulations provide that a claimant will be entitled to DIC benefits under 38 U.S.C.A. § 1318 if the Veteran's death was not the result of his own willful misconduct, and at the time of the death, the Veteran was in receipt of or "entitled to receive" compensation for a service-connected disability rated totally disabling that was continuously rated totally disabling for a period of 10 or more years immediately preceding the Veteran's death. 38 U.S.C.A. § 1318(b) (West 2002); 38 C.F.R. § 3.22 (2013). 

As pertinent to this case, "entitled to receive" means that the Veteran filed a claim for disability compensation during his lifetime and he would have received total disability compensation at the time of the death for a service-connected disability rated totally disabling for the period specified above but for clear and unmistakable error (CUE) committed by VA in a decision on a claim filed during the veteran's lifetime. 38 C.F.R. § 3.22(b).

At the time of his death, the Veteran's service-connected disabilities were bilateral hearing loss (rated 100 percent disabling), and tinnitus (rated 10 percent disabling). He had a 100 percent rating from August 6, 2001 until his death in July 2010, which is less than 10 years.

Service connection was established for bilateral hearing loss and tinnitus in a September 2002 rating decision, effective August 6, 2001. Service connection had previously been denied for bilateral hearing loss and tinnitus in an unappealed March 9, 1993 RO decision.

As noted in the prior remand, during the pendency of this appeal, the appellant has raised contentions to the effect that the March 1993 denial of service connection for hearing loss was the product of CUE.

The appellant essentially contends that had the RO adjudicated the service connection claims correctly in its March 1993 decision, that a 100 percent rating would have been in effect earlier than August 6, 2001. She further contends that the effective date of the 100 percent rating would have preceded the Veteran's death by more than 10 years and that she would have been entitled to DIC under 38 U.S.C.A. § 1318. 

The law provides that the decision of a duly constituted rating agency or other agency of original jurisdiction on which an action was predicated will be final and binding upon all field offices of VA as to conclusions based on evidence on file at the time and will not be subject to revision on the same factual basis except by duly constituted appellate authorities, for new and material evidence, or for CUE. 38 C.F.R. §§ 3.104(a), 3.105(a) (2013).

CUE is a very specific and a rare kind of error. It is the kind of error of fact or of law that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error. Thus, even where the presence of error is accepted, if it is not absolutely clear that a different result would have ensued, the error complained of cannot be CUE. Fugo v. Brown, 6 Vet. App. 40, 43-44 (1993). Consequently, allegations of CUE must be brought with specificity. See, e.g., Phillips v. Brown, 10 Vet. App. 25 (1997). 

There is a three-pronged test to determine whether CUE is present in a prior determination: (1) either the correct facts, as they were known at the time, were not before the adjudicator or the statutory or regulatory provisions extant at that time were incorrectly applied; (2) the error must be undebatable, that is the type which, had it not been made, would have manifestly changed the outcome of the decision; and; (3) a determination that there was CUE must be based on the record and law that existed at the time of the prior adjudication in question. See Damrel v. Brown, 6 Vet. App. 242, 245 (1994) (citing Russell v. Principi, 3 Vet. App. 310, 313-14 (1992) (en banc).

Because of the nature of the challenge to the rating decision, there is a presumption of validity which attaches to that final decision, and when such a decision is collaterally attacked, the presumption becomes even stronger. See Fugo at 44. Therefore, an appellant who seeks to obtain benefits based on CUE has a much heavier burden than that placed upon an appellant who seeks to establish prospective entitlement to VA benefits. See Akins v. Derwinski, 1 Vet. App. 228, 231 (1991). CUE has been defined as "an administrative failure to apply the correct statutory and regulatory provisions to the correct and relevant facts. It is not mere misinterpretation of facts." Oppenheimer v. Derwinski, 1 Vet. App. 370, 372 (1991). 

If the evidence establishes CUE, the prior decision must be reversed or revised, 38 U.S.C.A. §§ 5109A(a), 7111(a), and the decision constituting the reversal or revision has the same effect as if the decision had been made on the date of the prior decision. 38 U.S.C.A. §§ 5109A(b), 7111(b). 

The appellant's CUE claim is inextricably intertwined with the issue of entitlement to DIC under 38 U.S.C.A. § 1318. As such, it must be resolved prior to the DIC claim. See, e.g., Harris v. Derwinski, 1 Vet. App. 180, 183 (1991). 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. The AOJ must ask the appellant to state, SPECIFICALLY, her allegations of CUE with respect to the RO's March 9, 1993 decision that denied service connection for hearing loss and tinnitus.

2. Attempt to obtain any relevant VA treatment records from the Kansas City VAMC (or any other VA facility) that existed at the time of the March 9, 1993 RO decision. 

3. When the actions requested above have been completed, the AOJ must undertake any other indicated development. Then, it must adjudicate the issue of whether the RO's March 9, 1993 rating decision, which denied the Veteran's claims of service connection for hearing loss and tinnitus, should be reversed or revised on the basis of CUE. 

4. Then, readjudicate the claim for DIC under 38 U.S.C.A. § 1318 in light of all of the additional evidence associated with the claims file and electronic Virtual VA and VBMS files since the April 2014 Board remand, including evidence submitted by the appellant in June 2014. If the claims are not granted to the appellant's satisfaction, send her and her representative a supplemental statement of the case and give them an opportunity to respond.

By this remand, the Board intimates no opinion as to the final disposition of any unresolved issue. 
 
The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
KELLI A. KORDICH 
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).