﻿Citation Nr: AXXXXXXXX
Decision Date: 12/27/18 Archive Date: 12/26/18

DOCKET NO. 180615-299
DATE: December 27, 2018
ORDER
The claim of entitlement to an effective date earlier than January 12, 2017, for a rating of 50 percent for posttraumatic stress disorder (PTSD), to include whether there was clear and unmistakable error (CUE) in a February 2009 rating decision, is denied.
FINDINGS OF FACT
1. The February 2009 RO (Regional Office) rating decision granted the Veteran service connection for PTSD with an evaluation of 10 percent effective June 1, 2008.
2. The January 12, 2017, fully developed claim filed by the Veteran requested an increased rating for PTSD.
3. The June 2017 RO rating decision increased the Veteran’s rating for PTSD from 10 percent to 30 percent effective January 12, 2017.
4. The Veteran’s December 2017 Notice of Disagreement (NOD), indicated a request for an increased rating and earlier effective date for PTSD.
5. The May 2018 RO rating decision increased the Veteran’s rating for PTSD from 30 percent to 50 percent effective as of the date of application.
6. The Veteran filed an Opt-in Election form in February 2018 for the Rapid Appeals Modernization Program (RAMP) Direct Review. The June 2018 Statement in Support of Claim of the Veteran indicated the only issue being sought before the Board of Veteran’s Appeals (Board) is the request for an earlier effective date of June 1, 2008, for the assignment of a 50 percent rating for PTSD.
7. The Veteran’s requests for an increased rating and earlier effective date are based off the allegation of CUE in the February 2009 rating decision. 

CONCLUSIONS OF LAW
1. The criteria for an effective date earlier than January 12, 2017, for a 50 percent rating for PTSD have not been met. 38 U.S.C. §§ 5110, 5107 (2012); 38 C.F.R. § 3.400 (2018).
2. The February 2009 RO rating decision was an unappealed final decision. 38 U.S.C. § 7105 (2012); 38 C.F.R. §§ 20.302, 20.1103 (2018).
3. Clear and unmistakable error is not shown in the February 2009 RO rating decision. 38 U.S.C. § 7111 (2012); 38 C.F.R. §§ 20.1400, 20.1411 (2018).
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
The Veteran had honorable active duty service with the United States Army from October 1985 to August 1995, September 1997 to April 2005, October 2005 to May 2008, and, August 2010 to July 2012. The Board acknowledges the Veteran’s lengthy dates of service and commitment.
This matter is before the Board from ratings decisions of the Department of Veterans Affairs (VA) RO in Phoenix, Arizona and the Veteran’s RAMP Opt-in Election of February 2018.
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP. This decision has been written consistent with the new AMA framework.
The Veteran elected to participate in RAMP per his opt-in election of February 2018, in which the Veteran elected a higher-level review or a direct docket appeal lane. This review will be based upon the evidence already submitted to VA as of the date of the Veteran’s election and that VA will not seek additional evidence on behalf of the Veteran as part of the higher-level review. See RAMP Opt-in Election February 2018 and RAMP Opt-In Notice April 2018.
The claim of entitlement to an effective date earlier than January 12, 2017, for a rating of 50 percent for PTSD, to include whether there was CUE in a February 2009 rating decision, is denied.
The Veteran contends that he should be assigned an earlier effective date prior to January 12, 2017, for the rating of 50 percent for his service-connected PTSD. The Veteran has asserted that the date of June 1, 2008, is the proper effective date for the rating of 50 percent for PTSD, as that was the date of his initial claim and initial effective date for service connection of his PTSD.
Clear and Unmistakable Error
The Board notes that the Veteran has asserted that an earlier effective date for a 50 percent rating for PTSD should be assigned because the February 2009 rating decision denying the increased rating from 10 percent constituted CUE.
For a claim of CUE to be valid, there must have been an error in the prior adjudication of the claim; either the correct facts, as they were known at the time, were not before the adjudicator or the statutory or regulatory provisions in effect at the time were incorrectly applied. See Phillips v. Brown, 10 Vet. App. 25 (1997); Damrel v. Brown, 6 Vet. App. 242 (1994); Russell v. Principi, 3 Vet. App. 310 (1992) (en banc). Further, the error must be “undebatable” and one which, had it not been made, would have manifestly changed the outcome at the time it was made. Id. A determination of CUE must be based on the record and the law that existed at the time of the prior adjudication in question. Id.
A claim that CUE existed on the basis that the previous adjudication improperly weighed and evaluated the evidence can never rise to the stringent definition of CUE. Additionally, broad-brush allegations of “failure to follow the regulations” or “failure to give due process” or any other general, non-specific claim of “error” cannot meet the restrictive definition of CUE. Fugo v. Brown, 6 Vet. App. 40 (1993).
CUE is an administrative failure to apply the correct statutory and regulatory provisions to the correct and relevant facts. It is not mere misinterpretation of facts. Oppenheimer v. Derwinski, 1 Vet. App. 370 (1991). It is a very specific and rare kind of error of fact or law that compels the conclusion, as to which reasonable minds could not differ, that the result would have been manifestly different but for the error. Fugo v. Brown, 6 Vet. App. 40 (1993).
Where evidence establishes CUE, the prior decision will be reversed or amended. For the purpose of authorizing benefits, the rating decision, which constitutes a reversal of a prior decision on the grounds of CUE, has the same effect as if the corrected decision had been made on the date of the reversed decision. 38 C.F.R. §§ 3.104(a), 3.400(k) (2018).
A determination that CUE was present in a prior decision must meet a three-pronged test. First, either the correct facts, as they were known at the time, were not before the adjudicator or the statutory or regulatory provisions in effect at the time were incorrectly applied. Second, the error must be “undebatable” and one which, had it not been made, would have manifestly changed the outcome at the time it was made. Third, a determination that CUE was present in a prior decision must be based on the record and the law that existed at the time of the prior adjudication in question.
Essentially the Veteran contends that CUE was committed in the February 2009 rating decision on the basis that the mistake was likely a typographical error in the rating review, focusing on the statements below,
We have assigned a 10 percent evaluation based on the findings at your VA examination, which more closely approximate a 30 percent evaluation than the 10 percent evaluation. 
The examiner reported a global assessment of functioning score of 68, which represents mild symptoms (e.g., depressed mood and mild insomnia) or some difficulty in social, occupational, or school functioning but generally functioning pretty well with some meaningful interpersonal relationships.
The February 2009 rating decision evaluated the evidence of record and found that a 10 percent rating for the Veteran’s PTSD was accurate. It was noted in the rating decision and from the evidence of record that,
You reported that you are currently employed in intelligence and have functioned well. You have not take [sic]any time off due to your symptoms. You have no impairment of thought process and you communicate adequately. You have not sought any mental health care for your symptoms. The examiner reported that there was no impairment of thought process, no delusion or hallucinations. Your mood was somewhat depressed. You had a broad affect and no evidence of inappropriate behavior. You denied suicidal thoughts. Your appearance was reported as neat and tidy and there was no evidence of impairment in basic activities of living. You were oriented as to person, place, and time. Your memory was intact, both short term and long and no obsessive or ritualistic behavior that interfere with routine activities. Your rate and flow of speech was normal. You were considered relevant and logical. There was no reported of attacks. The examiner did report a depressed mood as part of your symptoms. There was no evidence of impaired impulse control.

The RO found that the symptoms exhibited at that time did not meet the 30 percent rating or 50 percent rating. The February 2009 rating decision describes the 30 percent evaluation requirements and why it was not warranted. The Board finds that the VA RO was clear in the reasons and bases for granting the 10 percent evaluation and it was not a typographical error. The Board finds that an undebatable error was not made in the February 2009 rating decision.

The brief submitted December 2017 through counsel implied that the February 2009 rating decision did not consider all of the evidence. The rating decision did indicate that the Joint Services Records Research Coordinator (JSRRC) confirmed that there was a lack of information required to verify the stressors in connection with the Veteran’s PTSD claim. See December 2008 VA Memo. The Veteran’s combat was confirmed in a corrected DD-215 in June 2010. See DD-215 June 2010.

However, the February 2009 rating decision indicated extensive statements from the Veteran and evidence of combat in other records of the Veteran during active service, such as in his service treatment records and personnel records. The rating decision conceded combat exposure of the Veteran and found him credible - “[t]herefore, when reviewing all of the evidence your exposure to combat is consistent with the facts and circumstances that support your contentions.”

The Board finds that there was no indication in the record that the RO failed to consider all of the evidence of record at the time. The correct facts, as they were known at the time, were applied and before the adjudicator, and the decision was based on the record and the law at the time the decision was made.

The Board finds that the VA RO did not commit CUE in its February 2009 rating decision granting a 10 percent evaluation with an effective date of June 1, 2008.

Earlier Effective Date for 50 percent for PTSD
Generally, the effective date of an award of disability compensation based on a claim to reopen after a final disallowance will be the date of receipt of the new claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110 (2012); 38 C.F.R. § 3.400 (2018). However, if an increase is factually ascertainable based on all evidence of record within one year from the date of receipt of claim then the effective date may reflect the date that the increase was factually ascertainable within that one year preceding the receipt of claim, if not then the effective date is the date of receipt of claim. See 38 C.F.R. § 3.400 (o) (2018).
The Veteran was granted entitlement to service connection for PTSD in a February 2009 rating decision granting an evaluation of 10 percent effective June 1, 2008. The Veteran did not submit a timely NOD against the initial February 2009 granting of service connection and rating evaluation. Therefore, the February 2009 decision became final.
In the time between June 2008 and the date of the current claim, January 2017, the Veteran provided no other correspondence that could have been considered a formal or informal claim for benefits or an increased rating.
The Veteran then filed the current claim for increased rating of his service-connected PTSD in January 2017 and again through his RAMP Opt-In Election of February 2018, asking that the effective date for 50 percent be June 1, 2008. The dates of which the Board may review the Veteran’s requests for an earlier effective date are from the date of claim January 11, 2017, to one-year preceding January 12, 2016.
In reviewing the medical records during the time specified, January 12, 2016, to January 11, 2017, there are no lay statements or competent medical evidence which factually show indications of the Veteran’s PTSD symptoms worsening which could lead the Board to grant the earlier effective date for an evaluation of 50 percent.
This does not mean that the medical records of the Veteran do not discuss the Veteran’s PTSD, but there is nothing that would allow the Board to factually ascertain an increase during the dates that herein bind the Board. The Veteran mentions a startle response and temper in April 2008 happening since 2004 but these are addressed in the February 2009 rating decision. The Veteran’s spouse also submitted a statement in January 2017 which indicated issues in 2005 to present and increasing over time but nothing factually specific during the years of 2016 to 2017. The lay statement of the Veteran’s spouse also provides nothing that the Board could rely on enough to show that an earlier effective date of 50 percent was appropriate to date back to June 1, 2008.
Therefore, the Board finds the date of the claim, January 11, 2017, is the appropriate effective date for 50 percent for the Veteran’s PTSD as found in the May 2018 rating decision. The claim for an earlier effective date of June 1, 2008, for a higher evaluation for service-connected PTSD at 50 percent is not warranted.

(CONTINUED NEXT PAGE)
In weighing the evidence before the Board, when there is an approximate balance between positive and negative evidence, the benefit of the doubt doctrine must apply and the issue be resolved in favor of the Veteran. But when the preponderance of the evidence weighs against the claims of the Veteran the claim will be denied on its merits. The evidence before the Board here indicates that the Veteran’s claims must be denied as the preponderance of the evidence is against the Veteran’s claim, and the benefit of the doubt doctrine is inapplicable. 38 U.S.C. § 5107 (2012); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

 
B. MULLINS
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD C.A. Teich, Associate Counsel