﻿Citation Nr: AXXXXXXXX
Decision Date: 01/17/19 Archive Date: 01/16/19

DOCKET NO. 181004-499
DATE: January 17, 2019

ORDER

Entitlement to an effective date earlier than May 1, 2016 for the award of a 30 percent rating for pes planus on the basis of clear and unmistakable error (CUE) in the June 2016 rating decision is denied. 

Entitlement to an effective date earlier than August 4, 2015, for the award of special monthly compensation (SMC) based on housebound status on the basis of CUE in the July 2017 rating decision is denied. 

FINDINGS OF FACT

1. The June 2016 rating decision, which assigned an effective date of May 1, 2016 for the award of a 30 percent disability rating for pes planus, was reasonably supported by the evidence then of record, as well as existing legal authority, and it did not contain undebatable error that would have manifestly changed the outcome.

2. The July 2017 rating decision, which awarded SMC based on housebound status, effective August 4, 2015, was reasonably supported by the evidence then of record, as well as existing legal authority, and it did not contain undebatable error that would have manifestly changed the outcome

CONCLUSIONS OF LAW

1. The criteria for revision or reversal of the June 2016 rating decision, which assigned an effective date of May 1, 2016 for the award of a 30 percent disability rating for pes planus, on the basis of CUE have not been met. 38 U.S.C. §§ 5109A; 38 C.F.R. § 3.105(a)

2. The criteria for revision or reversal of the July 2017 rating decision, which assigned an effective date of August 4, 2015 for the award SMC, on the basis of CUE have not been met. 38 U.S.C. §§ 5109A; 38 C.F.R. § 3.105(a)

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Veteran served on active duty from July 1966 to March 1970. 

Historically, in a June 2016 rating decision, the Agency of Original Jurisdiction (AOJ) awarded service connection for pes planus and assigned a 10 percent rating, effective July 1, 2010 (the date of claim), and a 30 percent rating effective May 1, 2016 (the date of a VA examination). The AOJ also granted entitlement to SMC based on housebound criteria effective May 1, 2016. Following this rating decision, the Veteran attempted to file a notice of disagreement (NOD) by submitting a VA Form 21-4138, Statement in Support of Claim, that was received by VA in July 2016. He was notified that same month that he was required to submit a VA Form 21-0958 (Notice of Disagreement) to appeal the June 2016 rating decision. See July 2016 Correspondence. However, the Veteran did not comply by filing the requisite form. The Board emphasizes that, on or after March 24, 2015, VA regulations have required the filing of a VA Form 21-0958 to initiate a Notice of Disagreement. Consequently, the June 2016 rating decision is final. 

Since the June 2016 rating decision, the Veteran has filed a statement alleging that the effective date of May 1, 2016 for the assignment of a 30 percent rating for pes planus was made in error. See October 2017 Correspondence. Significantly, however, there can be no valid “freestanding” earlier effective date claim raised at any time after a Regional Office (RO) decision becomes final. See Rudd v. Nicholson, 20 Vet. App. 296 (2006). 

Additionally, the Board notes that in response to the Veteran’s claim for increase received in July 2017, the AOJ issued a July 2017 rating decision that awarded an earlier effective date of August 4, 2015 for SMC based on CUE. The AOJ also conducted a special review of the Veteran’s claims file in December 2017 and issued a rating decision that denied entitlement to earlier effective dates for the 30 percent disability rating assigned for pes planus, for the 20 percent disability rating assigned for diabetes mellitus type II (DMII), and for SMC based on housebound status. The Veteran appears to have appealed these decisions. See January 2018 NOD. However, as noted above, in March 2018, the Veteran elected to participate in VA’s test program RAMP, wherein he has withdrawn his claims pending on appeal and has chosen to have them proceed under the higher-level review process. See March 2018 RAMP Opt-In Election. 

In the July 2018 higher-level review decision, in recognizing that there can be no freestanding earlier effective date claim, the AOJ effectively construed the Veteran’s statement regarding an earlier effective date for the 30 percent rating for pes planus as one for CUE. The decision denied the Veteran’s claims for CUE with regard to an earlier effective date for the 30 percent rating for pes planus and earlier effective date for SMC based on housebound status. The Veteran appealed these issues and they are currently before the Board. 

The Board acknowledges that in the July 2018 higher-level review decision, the AOJ indicated that the Veteran’s effective date for the increased evaluation of 30 percent for pes planus was March 1, 2016. This appears to be a typographical error, as the AOJ later clarifies that the effective date is May 1, 2016. 

With regard to the issue of an earlier effective date for the 20 percent disability rating assigned for DMII, however, it was later recognized that the December 2017 rating decision had been issued in error (as to this matter) as the AOJ had no standing to address it, since the disability ratings for the Veteran’s DMII had been addressed by the Board in a July 2017 decision. See July 2018 Appeal Notification Letter. Therefore, the Board interpreted the January 2018 NOD as a motion for reconsideration and denied that motion in a September 2018 ruling. See September 2018 BVA Decision. Accordingly, that issue is not in appellate status. 

CUE

Where evidence establishes CUE, a prior final rating decision will be reversed or amended. See 38 U.S.C. § 7105; 38 C.F.R. § 3.105(a). “[CUE] is an administrative failure to apply the correct statutory and regulatory provisions to the correct and relevant facts; it is not mere misinterpretation of facts.” Oppenheimer v. Derwinski, 1 Vet. App. 370, 372 (1991). To establish a valid CUE claim, a claimant must show that either the correct facts, as they were known at the time, were not before the adjudicator, or that the statutory or regulatory provisions extant at the time were incorrectly applied. Russell v. Principi, 3 Vet. App. 310, 313 (1992). CUE is a very specific and rare kind of error of fact or law that compels the conclusion, to which reasonable minds could not differ, that the result in the decision in question would have been manifestly different but for the error. Fugo v. Brown, 6 Vet. App. 40, 43 (1993). 

For CUE to exist: (1) either the correct facts, as they were known at that time, were not before the adjudicator or the statutory or regulatory provisions extant at the time were incorrectly applied; (2) the outcome would have been manifestly different if the error had not been made; and (3) the error was based on the record and law that existed at the time of the prior adjudication in question. Damrel v. Brown, 6 Vet. App. 242, 245 (1994). In other words, the error must be of a type that is outcome-determinative, and subsequently developed evidence may not be considered in determining whether an error existed in the prior decision. See Porter v. Brown, 5 Vet. App. 233, 235-36 (1993).

The claimant must assert more than a mere disagreement as to how the facts were weighed or evaluated. Eddy v. Brown, 9 Vet. App. 52 (1996). When attempting to raise a claim of CUE, a claimant must describe the alleged error with some degree of specificity and provide persuasive reasons as to why the result would have been manifestly different but for the alleged error. Fugo, supra. Neither a claim alleging improper weighing and evaluating of the evidence in a previous adjudication, nor general, non-specific claims (including sweeping allegations of failures to follow the regulations or to provide due process), meet the restrictive definition of CUE. Id. at 44. A simple disagreement with how the RO evaluated the facts is not sufficient to raise a valid claim of CUE. Luallen v. Brown, 8 Vet. App.92, 95 (1995). 

1. Whether entitlement to an effective date earlier than May 1, 2016 for a 30 percent rating for pes planus is warranted based on CUE in the June 2016 rating decision. 

As previously indicated, in the final June 2016 rating decision, the Veteran was granted a 10 percent rating, effective July 1, 2010 (the date of claim), and a 30 percent rating, effective May 1, 2016 (the date of a VA examination), for his pes planus. The pertinent evidence of record at the time of the June 2016 rating included: updated VA treatment records and the reports from VA examinations conducted in December 2011 and May 2016. The Veteran has since filed statements, which have been construed as a claim for CUE with regard to the assignment of the effective date for the award of the 30 percent rating for his pes planus. Specifically, he alleges he is entitled to an effective date of July 1, 2010 (his date of claim) for the 30 percent rating for pes planus. See July 2016 Statement in Support of Claim. 

The regulation in question that was in effect at the time of the June 2016 rating decision was 38 C.F.R. § 4.71a (2016), which provided ratings for flatfoot (pes planus) under diagnostic code (DC) 5276. DC 5276 provided for a 10 percent disability rating for bilateral or unilateral pes planus when symptoms were moderate with weight-bearing line over or medial to the great toe, inward bowing of the tendo achillis, and pain on manipulation and use of the feet. A 30 percent evaluation was for application for bilateral flatfoot when symptoms were severe with objective evidence of marked deformity (pronation, abduction, etc.), pain on manipulation and use accentuated, indication of swelling on use, and characteristic callosities. A maximum 50 percent evaluation was warranted for bilateral flatfoot when symptoms were pronounced with marked pronation, extreme tenderness of the plantar surfaces of the feet, marked inward displacement and severe spasm of the tendo achillis on manipulation with symptoms that were not improved by orthopedic shoes or appliances.

After reviewing the record, the Board finds that prior to May 1, 2016, the objective medical evidence of record, which included VA treatment records and the December 2011 VA examination report, clearly did not reflect symptoms consistent with a 30 percent rating under DC 5276. In fact, during the December 2011 VA examination, the Veteran was noted to have no painful motion, edema, disturbed circulation, weakness, atrophy of the musculature, heat, redness, or instability in his bilateral feet. The alignment of his Achilles tendon was also normal, both during weight bearing and non-weight bearing examination of the bilateral feet. His only symptom shown during this examination was moderate tenderness in both feet with an ability to stand for only 15-30 minutes. He did not require any type of support with his shoes. His VA treatment records similarly showed mild pain and tenderness. See July 2012 VA Treatment records. As indicated, severe symptomatology is required for the assignment of a 30 percent rating. See 38 C.F.R. § 4.71a. This was not demonstrated until the VA examination conducted on May 1, 2016, which showed that the Veteran experienced pain in both feet that was accentuated on use and with manipulation of the feet. There was also indication of swelling on use and decreased longitudinal arch height on weight-bearing in both feet. It was additionally noted that the Veteran had tried arch supports, but he remained symptomatic. These symptoms interfered with the Veteran’s ability to walk and he was noted to have pain in both his feet with both walking and standing. 

Based on the foregoing, the Board cannot conclude that the evidence undebatably established that a 30 percent disability rating was warranted prior to May 1, 2016. Additionally, there is no evidence the AOJ failed to correctly apply 38 C.F.R. § 4.71a in the June 2016 rating decision. As such, the June 2016 rating decision was supportable under the law in effect at the time. See 38 38 C.F.R. § 4.71a.

The Board further notes that the AOJ is not precluded from assigning separate ratings for separate periods of time based on the facts found. This is a practice known as “staged ratings.” Fenderson v. West, 12 Vet. App. 119 (1999); 38 C.F.R. § 4.2. Thus, while the Veteran contends he should be assigned a 30 percent rating from July 1, 2010, for pes planus because that is the date on which he filed his claim, this argument carries no weight. 

In sum, no clear, undebatable error in the June 2016 rating decision has been identified that, had it not been made, would have manifestly changed the outcome when it was made. See 38 U.S.C. § 7105; 38 C.F.R. § 3.105(a). Consequently, the claim for CUE must be denied.

2. Whether entitlement to an effective date earlier than August 4, 2015 for SMC based on housebound status is warranted based on CUE in the July 2017 rating decision. 

As previously indicated, in the July 2017 rating decision, the Veteran was granted an earlier effective date of August 4, 2015 for the award of his SMC based on the housebound rate. Thereafter, the Veteran filed a claim for CUE with regard to the assignment of the effective date for that award and specifically contended that an earlier effective date was warranted based on his current pes planus and diabetes mellitus awards. See July 2016 and October 2018 Statements in Support of Claim. 

The regulation in question that was in effect at the time of the July 2017 rating decision was 38 C.F.R. § 3.350 (2017). According to this regulation, an award of SMC based on housebound status required that the veteran have a single service-connected disability rated as 100 percent, and (1) had additional service-connected disability or disabilities independently ratable at 60 percent, separate and distinct from the 100 percent service-connected disability and involved different anatomical segments or bodily systems, or (2) was permanently housebound by reason of service-connected disability or disabilities. This permanently housebound requirement was met when the veteran was substantially confined as a direct result of service-connected disabilities to his or her dwelling and the immediate premises or, if institutionalized, to the ward or clinical areas and it was reasonably certain that the disability or disabilities and resultant confinement would continue throughout his or her lifetime.

The record does not show that the Veteran has ever asserted that he is permanently housebound by reason of his service-connected disabilities. Instead, the record indicates his eligibility for housebound status arose due to his service-connected posttraumatic stress disorder being rated at 100 percent and his additional service-connected disabilities (pes planus, bilateral lower extremity diabetic peripheral neuropathy, DMII, and bilateral cataracts), in combination, were rated at 60 percent. Significantly, however, the Veteran’s additional disabilities did not combine to at least a rating of 60 percent until August 4, 2015, when the Veteran was assigned a higher 20 percent rating for DMII. See 38 C.F.R. § 4.25.

To the extent the Veteran asserts that an earlier effective date should be assigned for the award of his SMC because the 30 percent and 20 percent disability ratings assigned for his pes planus and DMII, respectively, should have been awarded from an earlier effective date, as was explained above, the ratings assigned for the Veteran’s DMII was addressed by the Board in July 2017 and September 2018. Therefore, this is not an issue on appeal. This decision, as addressed above, also does not find that an earlier effective date is warranted for the 30 percent rating assigned for his pes planus. Accordingly, the Veteran’s argument for an earlier effective date for his award of SMC based on housebound status has no merit.

In summary, the Board finds that there was no error which was undebatable and of the sort which, had it not been made, would have manifestly changed the outcome in July 2017 decision. Consequently, the claim for CUE must be denied.

 

A. ISHIZAWAR

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD P. E. Metzner, Associate Counsel