Citation Nr: 1434237 
Decision Date: 07/31/14 Archive Date: 08/04/14

DOCKET NO. 13-32 913 ) DATE
 )
 )


THE ISSUE

Whether a January 20, 2006, decision of the Board of Veterans' Appeals (Board) that denied entitlement to a compensable initial rating for plantar psoriasis should be revised or reversed on the grounds of clear and unmistakable error (CUE).


ATTORNEY FOR THE BOARD

Patricia Veresink, Counsel


INTRODUCTION

The Veteran served on numerous periods of active duty for training and inactive duty for training, to include a period of active duty for training from May 22, 1989 to June 2, 1989. She also served on active duty from March 1990 to May 1991.
This matter is before the Board as an original action on the motion of the Veteran in which she alleges CUE in the June 20, 2006 Board decision, which denied entitlement to a compensable initial rating for plantar psoriasis. 


FINDINGS OF FACT

1. In a decision dated June 20, 2006, the Board denied the Veteran's claim of entitlement to a compensable initial rating for plantar psoriasis. 

2. The compact disc that included photos of the Veteran's medications, prescriptions, and skin, were of record at the time of the decision and there is no indication that they were overlooked by the Board. 

3. There was a tenable basis for the Board's determination and the Veteran has not alleged an error of fact or law in the June 20, 2006 decision that compels the conclusion, to which reasonable minds could not differ, that the results would have been manifestly different but for the error. 


CONCLUSION OF LAW

The June 2006 Board decision that denied entitlement to a compensable initial rating for plantar psoriasis was not clearly and unmistakably erroneous. 38 U.S.C.A. § 7111 (West 2002); 38 C.F.R. §§ 20.1400-20.1411 (2013).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Initially, the Board notes that the Veterans Claims Assistance Act of 2000 (VCAA) is inapplicable to CUE claims, and therefore need not be discussed herein. Livesay v. Principi, 15 Vet. App. 165 (2001) (en banc); 38 C.F.R. § 20.1411(c).

Under 38 U.S.C.A. § 7111, the Board has been granted the authority to revise a prior decision of the Board on the grounds of CUE. A claim requesting review under this statute may be filed at any time after the underlying decision is made. Pursuant to an opinion of the VA General Counsel, VAOPGCPREC 1-98, 63 Fed. Reg. 31263 (1998), the Board's authority applies to any claim pending on or filed after the date of enactment of the statute, November 21, 1997. See 38 C.F.R. § 20.1400. The moving party's motion for review or revision was filed with the Board in February 2007.

The statute and implementing regulations provide that a decision by the Board is subject to revision on the grounds of CUE. If evidence establishes the error, the prior decision shall be reversed or revised. A request for revision of a Board decision based on CUE may be instituted by the Board on its own motion or upon request of the claimant. 38 U.S.C.A. § 7111; 38 C.F.R. § 20.1400.

A motion for revision of a prior Board decision based on CUE must be in writing, and must be signed by the moving party or that party's representative. The motion must include the name of the veteran; the name of the moving party, if other than the veteran; the applicable Department of Veterans Affairs file number; and, the date of the Board decision to which the motion relates. If the applicable decision involved more than one issue on appeal, the motion must identify the specific issue, or issues, to which the motion pertains. 38 C.F.R. § 20.1404(a).

In this case, the moving party appears to have met the requirements of 38 C.F.R. § 20.1404(a). The February 2007 letter included her name, the date of the Board decision, the VA file number of the case decided by the Board, and referenced and indicated disagreement with the Board's June 2006 determination. Consequently, the Board finds that the moving party met the threshold pleading requirements of 38 C.F.R. § 20.1404(a). As shown in the discussion below, the Board also finds that the moving party set forth her allegations with sufficient specificity. The Board will therefore address the CUE motion on the merits.

The provisions of 38 C.F.R. § 20.1403(a) define CUE as a very specific and rare kind of error of fact or law, that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error. Generally, a finding of CUE requires either that the correct facts, as they were known at the time, were not before the Board, or that the statutory and regulatory provisions extant at the time were incorrectly applied. Id.

The evidence to be reviewed for CUE in a prior Board decision must be based on the record and the law that existed when that decision was made. To warrant revision of a Board decision on the grounds of CUE, there must have been an error in the Board's adjudication of the appeal which, had it not been made, would have manifestly changed the outcome when it was made. If it is not absolutely clear that a different result would have ensued, the error complained of cannot be clear and unmistakable. 38 C.F.R. § 20.1403(c).

Examples of situations that are not CUE are: (1) changed diagnosis, i.e., a new medical diagnosis that "corrects" an earlier diagnosis considered in a Board decision; (2) VA's failure to fulfill its duty to assist, and (3) disagreement as to how the facts were weighed or evaluated. 38 C.F.R. § 20.1403(d). CUE does not include the otherwise correct application of a statute or regulation where, subsequent to the Board decision challenged, there has been a change in the interpretation of the statute or regulation. 38 C.F.R. § 20.1403(e).

The Veteran makes a specific claim that the Board overlooked or ignored evidence provided by her in the form of a cd. This evidence included pictures of the Veteran's medications and her skin disability. This evidence was not specifically noted in the June 2006 decision; however, evidence that described the conditions noted in the pictures was discussed. The Veteran's numerous ointments and medication were noted. Additionally, the condition of the soles of her feet was also noted. 

Finally, although the Board has an obligation to provide adequate reasons and bases supporting this decision, there is no requirement that the evidence submitted by the appellant or obtained on her behalf be discussed in detail. Rather, the Board's analysis may focus specifically on what evidence is needed to substantiate the claim and what the evidence in the claims file shows, or fails to show, with respect to the claim. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) and Timberlake v. Gober, 14 Vet. App. 122, 128-30 (2000). The evidence of record was reviewed and the Veteran's condition was accurately described. The Board had no obligation to specifically note that the Veteran had submitted photos of her medications and skin disability. 
Prior decisions issued by the United States Court of Appeals for Veterans Claims (Court) with regard to clear and unmistakable error in RO rating decisions provide guidance in determining whether clear and unmistakable error exists in a Board decision. "It must be remembered that clear and unmistakable error is a very specific and rare kind of error." Fugo v. Brown, 6 Vet. App. 40, 43 (1993). As stated by the Court, in order for clear and unmistakable error to exist: (1) "[e]ither the correct facts, as they were known at that time, were not before the adjudicator (i.e., more than a simple disagreement as to how the facts were weighed or evaluated), or the statutory or regulatory provisions extant at the time were incorrectly applied," (2) the error must be "undebatable" and the sort "which, had it not been made, would have manifestly changed the outcome at the time it was made," and (3) a determination that there was clear and unmistakable error must be based on the record and law that existed at the time of the prior adjudication in question. Damrel v. Brown, 6 Vet. App. 242, 245 (1994) (quoting Russell v. Principi, 3 Vet. App. 310, 313-14 (1992)). Again, based on this standard, the correct facts were before the adjudicator and the asserted error is certainly not undebatable. 

For the foregoing reasons, the Veteran's assertion does not establish that there was an outcome determinative error in the Board's June 2006 decision warranting a finding of CUE. The benefit of the doubt doctrine is inapplicable, and the moving party's CUE motion must therefore be denied. 38 C.F.R. § 20.1411(a).


ORDER

The motion for reversal or revision of the June 2006 Board decision on the grounds of clear and unmistakable error is denied.



 ____________________________________________
 ROBERT C. SCHARNBERGER
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs