Citation Nr: 1714086 
Decision Date: 04/28/17 Archive Date: 05/05/17

DOCKET NO. 12-03 589 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) 
in Columbia, South Carolina


THE ISSUE

Entitlement to an effective date earlier than November 14, 2008, for the grant of a total disability rating based on individual unemployability due to service-connected disability (TDIU).


ATTORNEY FOR THE BOARD

G. Jackson, Counsel


INTRODUCTION

The Veteran served on active duty from July 1966 to July 1969. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a December 2010 rating decision issued by the RO. 

The Board remanded the claim in December 2014 for further development of the record. The development has been completed and the case has been returned to the Board for appellate disposition.

This appeal was processed using the Veterans Benefits Management System (VBMS) paperless claims processing system.


FINDINGS OF FACT

1. The Veteran's claim for service connection for a bilateral hip disorder, low back disorder, posttraumatic stress disorder (PTSD) and an increased rating for his service-connected left knee disability was received on November 14, 2008.

2. In August 2009 and March 2010 rating decisions, service connection (compensation) for a lumbar spine disability, right hip disability, left hip disability and PTSD was established effective November 14, 2008.

3. The Veteran's claim for a TDIU rating was received on March 11, 2010.


CONCLUSION OF LAW

The criteria for an effective date earlier than November 14, 2008, for the grant of a TDIU rating are not met. 38 U.S.C.A. §§ 5107, 5110 (West 2014); 38 C.F.R. 
§§ 3.102, 3.400 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Veterans Claims Assistance Act of 2000

The Veterans Claims Assistance Act of 2000 (VCAA), in part, describes VA's duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2014); Honoring America's Veterans and Caring for Camp Lejeune Families Act of 2012, Pub. L. No. 112-154, §§ 504, 505, 126 Stat. 1165, 1191-93; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2016). VCAA applies to the instant claim. 

VA is required to notify the claimant and his or her representative of any information, and any medical or lay evidence, not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Quartuccio v. Principi, 16 Vet. App. 183 (2002). The duty to notify was satisfied by a letter sent to the Veteran in April 2010. The claim was last adjudicated in July 2016.

The duty to assist the Veteran has also been satisfied. The Veteran's service treatment records as well as all identified and available VA and private medical records are in the claims file and were reviewed by both the RO and the Board in connection with his claim. The Veteran has not identified any other outstanding records that are pertinent to the issues currently on appeal. 

The appeal was remanded to the RO in December 2014. See Stegall v. West, 11 Vet. App. 268 (1998) (holding that a Court or Board remand confers upon the appellant the right to compliance with that order). The remand directed that the Agency of Original Jurisdiction (AOJ) to clarify whether the Veteran desired a decision review officer (DRO) hearing and schedule the Veteran for such hearing, if desired. The Veteran testified at a DRO hearing in June 2015. Accordingly, there has been substantial compliance with the remand and it may proceed to adjudication of this appeal. D'Aries v. Peake, 22 Vet. App. 97, 105 (2008); Dyment v. West, 13 Vet. App. 141, 146-47 (1999).

In summary, the Veteran was notified and aware of the evidence needed to substantiate his claim, the avenues through which he might obtain such evidence, and the allocation of responsibilities between himself and VA in obtaining such evidence. He was an active participant in the claims process submitting evidence and argument and testifying in DRO hearing. 

Effective Date - TDIU Rating

Unless otherwise specified, the effective date of an evaluation and award of pension, compensation or dependency and indemnity compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase is to be fixed in accordance with the facts found, but will not be earlier than the date of receipt of the claimant's application. 38 U.S.C.A. § 5110(a), (b); 38 C.F.R. § 3.400. The effective date is the date of receipt of claim or the date entitlement arose, whichever is later. The law provides that the effective date of an award of increased compensation shall be the earliest date as of which it is ascertainable that an increase in disability had occurred, if application is received within one year from such date. 38 U.S.C.A. § 5110(b). 

As noted, the Veteran's claim for service connection for a bilateral hip disorder, low back disorder, posttraumatic stress disorder (PTSD) and an increased rating for his service-connected left knee disability was received on November 14, 2008. The June 2009 report of VA examination documents the Veteran's report that he retired in June 2007. He reported that he had a limitation of sitting in his work activities. The physician opined that the Veteran's lumbar spine disability and bilateral hip disabilities were related to his military service. The examiner commented that the Veteran was experiencing a minimal degree of impairment in occupational functioning due to his PTSD. 

In August 2009 and March 2010 rating decisions, service connection (compensation) for a lumbar spine disability, right hip disability, left hip disability and PTSD was established effective November 14, 2008. 

The Veteran's claim for a TDIU rating was received on March 11, 2010. In a December 2010 rating decision the RO granted a TDIU rating effective November 14, 2008, as his claim for a TDIU had been received within one year of notification of the granting of his other claims (lumbar spine, bilateral hip and PTSD disabilities) for compensation. The Veteran appealed the effective date assigned for the TDIU rating.
 
The Veteran's TDIU application received in March 2010 reports that he last worked full-time in June 2007. Though it is clear the Veteran was unemployed as of June 2007 due to his retirement, it is not clear that he was unable to engage in substantially gainful employment due to service-connected disabilities at that time. Further, the Veteran did not even allege that he was unemployable in connection with his claims filed in November 2008 or submit evidence within a year prior to that claim indicating an inability to engage in substantially gainful employment.

The July 2010 Social Security Administration (SSA) determination found that the Veteran's disability began August 2007. To the extent to which SSA found the Veteran to be unemployable, decisions of the SSA regarding disability, while relevant, are not controlling with respect to VA determinations, particularly as adjudication of VA and Social Security claims are based on different laws and regulations. See Damrel v. Brown, 6 Vet. App. 242, 246 (1994); Murincsak v. Derwinski, 2 Vet. App. 363, 370-72 (1992). Given that the Veteran's application for a TDIU rating was received within one year of rating decisions granting his pending claims for compensation, November 14, 2008, represents the earliest date as of which it is ascertainable that the Veteran's service-connected disabilities rendered him unable to engage in substantially gainful employment. See 38 U.S.C.A. § 5110(b). Despite the contentions of the Veteran, an effective date prior to November 14, 2008, for the grant of a TDIU rating is not warranted. The preponderance of the evidence is against the claim; there is no doubt to be resolved. The appeal is denied.


ORDER

An effective date earlier than November 14, 2008, for the grant of a TDIU is denied.


____________________________________________
Vito A. Clementi
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs