Citation Nr: 1719102 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 16-44 483 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUE

Entitlement to an effective date earlier than August 30, 2011 for the service-connected right shoulder disability, to include as due to clear and unmistakable error (CUE) in a 1946 decision that denied the claim.


REPRESENTATION

Appellant represented by: Blinded Veterans Association


ATTORNEY FOR THE BOARD

M. Lavan, Associate Counsel


INTRODUCTION

The Veteran served on active duty from October 1943 to May 1946. 

This matter is before the Board of Veterans' Appeals (Board) on appeal from a January 2013 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Atlanta, Georgia. 

The Veteran filed an increased rating claim for his right shoulder in March 2016, but it has not been adjudicated by the Agency of Original Jurisdiction (AOJ). The Board therefore does not have jurisdiction over this issue and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDINGS OF FACT

1. The Veteran's claim to reopen service connection for his right shoulder was received on August 30, 2011. 

2. Service records associated with the claims file after the May 1946 rating decision were not material and do not warrant an earlier effective date under 38 C.F.R. § 3.156(c). 

3. The correct facts were before the RO at the time of the May 1946 rating decision and the decision was reasonable in light of the record that existed at the time. 


CONCLUSIONS OF LAW

1. The May 1946 rating decision was not clearly and unmistakably erroneous. 
38 U.S.C.A. § 5109A (West 2014); 38 C.F.R. § 3.105 (2016).

2. The criteria for an earlier effective date have not been met. 38 U.S.C.A. §§ 5101, 5110, 7105 (West 2014); 38 C.F.R. §§ 3.1, 3.152, 3.155, 3.400 (2016).
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran contends that he is entitled to an earlier effective date for his disability, including due to CUE in the May 1946 rating decision. 

The Veteran filed a service connection claim for a right shoulder disability in May 1946, which was denied by the RO that same month. The Veteran did not file new evidence or a notice of disagreement within one year of the decision and it became final. He did not file another claim for his right shoulder until August 30, 2011. The claimed was granted in a January 2013 rating decision, rated at 20 percent effective August 30, 2011. 

Initially, the Board notes that the claims file documents are currently maintained in electronic or computerized format on the Veterans Benefits Management Systems (VBMS) and Virtual VA platforms. Documents scanned into these systems include an associated "receipt date" utilized by the scanning vendor to reflect the date the documents were received by VA. While most documents in the paper claims file contained a stamped receipt date, some did not. As a result, some of the documents in VBMS list a "receipt date" which may not represent the date the documents were received by VA; rather, they might represent when the documents were scanned into VBMS or the best guess as to date received by the individual responsible for scanning. 

An effective date for a reopened claim of entitlement to service connection can be no earlier than the date the request to reopen the claim was filed. See 38 U.S.C.A. § 5110(a); 38 C.F.R. § 3.400 (q)(1)(ii). There is no provision in either the statute or the regulations that allows for an earlier effective date based on a reopened claim unless a clear and unmistakable error (CUE) was committed in a prior decision, or unless the new and material evidence resulted from receipt of additional relevant military records. See 38 U.S.C.A. § 5110(i); 38 C.F.R. §§ 3.105, 3.156(c). The Veteran argues that both exceptions apply here. The Board disagrees. 

First, the Board considered whether the Veteran would be entitled to an earlier effective date under 38 C.F.R. 3.156(c). Specifically, VBMS indicates that two different sets of service records were "received" in January 2015 and February 2016. They shall be referred to herein by their respective receipt dates. 

The Board finds that the January 2015 service records were associated with the claims file at the time of the May 1946 rating decision. A cover letter from May 8, 1946 indicates that relevant personnel records were forwarded to VA to assist in adjudication of the Veteran's claim. The records included the Veteran's application, copies of Forms NCG-2525B (Physical Exam Records), copies of his medical history, the notice of separation from service, and the statement of discharge. Importantly, the RO noted that it specifically relied on the Veteran's separation examination in its May 1946 rating decision. The January 2015 records do not have a stamped receipt date, but they include the Veteran's separation examination, documented on a Form NCG-2525B, and copies of the Veteran's medical history, which show treatment for the right shoulder in April 1945. These were the documents listed on the May 8, 1946 cover letter. It is clear that the January 2015 VBMS "receipt date" is incorrect, and these records were associated with the paper claims file in May 1946 and utilized in the May 1946 rating decision. This conclusion is further supported by the fact that the "document properties" associated with this VBMS entry shows January 7, 2015 as both date of receipt and date of upload. It is clear, then, that the date of uploading the documents into the electronic file was chosen as the date of receipt, since there was otherwise no indication of receipt date on the documents themselves. However, again, it is clear in looking back at the 1946 cover letter and the 1946 rating decision that these records were in the file at that time.

The February 2016 military records, however, include a PIES request cover sheet that shows the records were requested in November 2015 and the request was completed in February 2016. The Board finds that these records are not material to the Veteran's claim, however, and do not warrant an earlier effective date. Specifically, the records merely show that the Veteran was treated for recurrent dislocation of the right shoulder in April 1945 and that he resumed regular duty in May 1945. As discussed above, this information was before the RO at the time of the May 1946 rating decision. Accordingly, an earlier effective date is not warranted under 38 C.F.R. 3.156(c). 
Second, the Board finds that CUE did not occur in the May 1946 rating decision. There is a three-prong test for determining whether CUE occurred: (1) either the correct facts, as they were known at the time, were not before the adjudicator or the statutory or regulatory provisions extant at the time were incorrectly applied; (2) the error must be "undebatable" and of the sort which, had it not been made, would manifestly have changed the outcome at the time it was made; and (3) a determination that there was clear and unmistakable error must be based upon the record and law that existed at the time of the prior adjudication in question. See Phillips v. Brown, 10 Vet. App. 25, 31 (1997); Damrel v. Brown, 6 Vet. App. 242, 245 (1994); Russell v. Principi, 3 Vet. App. 310, 313-14 (1992) (en banc).

Here, the RO denied the Veteran's claim because his April 30, 1946 separation examination indicated that his spine and extremities were "normal" and his personal medical history was "[e]ssentially negative since last examination." Associated treatment records show that the Veteran was treated for a recurrent dislocation of the right shoulder on April 9, 1945. On April 25, 1945, it was noted that convalescence was normal and uncomplicated and, at the time of discharge, there was only slight limitation of motion in the right shoulder and no pain on movement. It was recommended that he be placed on light duty for a period of two to three weeks and resume regular duty afterward. 

The Veteran was notified of this decision in a May 28, 1946 letter, which states that the decision was "based on incomplete service data and further consideration will be given your case when additional records are received." The Veteran stated that because records were associated with VBMS in January 2015, he is entitled to an earlier effective date. His representative argued that there was clearly an error in adjudication of this claim because the Veteran later received service connection for the right shoulder disability. 

The Board finds that neither of these arguments is sufficient to warrant a finding of CUE. A finding of CUE must be based upon the record and law that existed at the time of the prior adjudication in question. Accordingly, the subsequent association of relevant records cannot support a finding of CUE. 

Moreover, CUE is not mere misinterpretation of facts. Oppenheimer v. Derwinski, 1 Vet. App. 370, 372 (1991). It is a very specific and rare kind of error of fact or law that compels the conclusion, as to which reasonable minds could not differ, that the result would have been manifestly different but for the error. Fugo, 6 Vet. App. at 43. The RO's decision was based on the Veteran's separation examination, which showed no residuals of the in-service right shoulder dislocation. This conclusion was reasonable in light of the evidence before the RO and the correct facts, i.e. the Veteran's in-service injury, treatment, and normal medical status at separation, were before the RO at the time the decision was made. Accordingly, the Board finds that there was no CUE in the May 1946 rating decision. 

Finally, the Board finds that VA's duties to notify and assist have been met. Importantly, neither the Veteran nor his representative has raised any issues with the duty to notify or duty to assist. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (holding that "the Board's obligation to read filings in a liberal manner does not require the Board . . . to search the record and address procedural arguments when the veteran fails to raise them before the Board."); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to a duty to assist argument).


ORDER

Entitlement to an earlier effective date is denied. 



____________________________________________
MICHELLE L. KANE
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs