﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/18 Archive Date: 12/31/18

DOCKET NO. 181024-684
DATE: December 31, 2018

ORDER

An effective date earlier than July 10, 2017 for the grant of a total disability based on individual unemployability (TDIU) is denied.

An effective date earlier than July 10, 2017 for the award of a 70 percent rating for bilateral hearing loss is denied.

REMANDED

The issue of service connection for coronary artery disease with history of myocardial infarction (claimed as heart condition) is remanded.

FINDINGS OF FACT

1. The Veteran’s intent to file a claim for compensation form was received on July 10, 2017 and his claim for TDIU was subsequently filed on September 22, 2017. There was no prior indication that the Veteran was unemployable.

2. The Veteran’s intent to file a claim for compensation form was received on July 10, 2017 and his claim for an increased evaluation for bilateral hearing loss was subsequently filed on September 22, 2017.

CONCLUSIONS OF LAW

1. The criteria for entitlement to an effective date earlier than July 10, 2017 for TDIU have not been met. 38 U.S.C. §§ 5103, 5103A, 5107, 5110; 38 C.F.R. §§ 3.340, 3.341, 3.400, 4.16(a).

2. The criteria for entitlement to an effective date earlier than July 10, 2017 for the award of a 70 percent rating for bilateral hearing loss have not been met. 38 U.S.C. §§ 5103, 5103A, 5107, 5110; 38 C.F.R. § 3.400.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service in the United States Army from October 1972 through October 1974.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a September 2018 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO).

Applicable to this matter is the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

Earlier Effective Date

Generally, the effective date of an evaluation and award of compensation based on an original claim will be the date of receipt of the claim by VA or the date entitlement arose, whichever is later. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400. 

Effective March 24, 2015, a change in the regulation requires claims be filed on standard forms, eliminating constructive receipt of claims and informal claims. See 38 C.F.R. §§ 3.1(p), 3.150, 3.155, 3.160(a). Instead of informal claims, the new regulation provides that a claimant may request an application for benefits, upon receipt of which, the Secretary shall notify the claimant of the information necessary to complete the application form or form prescribed by the Secretary. 38 C.F.R. § 3.155(a). 

The regulation also allows a claimant to submit an intent to file a claim, and VA may recognize the receipt date of the intent to file a claim as the date of claim so long as VA receives the successfully completed claim form within a year. 38 C.F.R. § 3.155(b). There are three ways in which a claimant may submit an intent to file a claim: (i) saved electronic application—when an application otherwise meeting the requirements of paragraph (b) is electronically initiated and saved in a claims-submission tool with a VA web-based electronic claims application system, (ii) written intent, signed and dated on the intent to file a claim form prescribed by the Secretary, and (iii) oral intent communicated to designated VA personnel, recorded in writing, and documented in the claimant’s records. Id. 

There is an exception in that the effective date of an increase in disability compensation is the earliest date as of which it is factually ascertainable that an increase in disability had occurred if the claim is received within one year from such date. Otherwise, the effective date is the date of receipt of the claim. When medical records indicate an increase in a disability, receipt of such medical records may be used to establish effective date(s) for retroactive benefits based on facts found of an increase in a disability only if a complete claim or intent to file a claim for an increase is received within 1 year of the date of the report of examination, hospitalization, or medical treatment. The provisions of this paragraph apply only when such reports relate to examination or treatment of a disability for which service-connection has previously been established. 38 C.F.R. § 3.400(o)(2).

1. Entitlement to an effective date earlier than July 10, 2017 for TDIU.

A TDIU may be assigned where the schedular rating is less than total and it is found that the disabled person is unable to secure or follow a substantially gainful occupation because of either (1) a single service-connected disability ratable at 60 percent or more, or (2) two or more disabilities, provided at least one disability is ratable at 40 percent or more, and there is sufficient additional service-connected disability to bring the combined rating to 70 percent or more. 38 C.F.R. §§ 3.340, 3.341, 4.16(a). 

In this regard, the Veteran did not meet the schedular criteria for a TDIU rating until July 10, 2017. From March 31, 2014 through July 9, 2017, the Veteran was granted a disability rating of 50 percent for bilateral hearing loss and a disability rating of 10 percent for tinnitus, which amounts to a combined rating of 55 percent and does not meet the schedular criteria for a TDIU rating. From July 10, 2017 on, the Veteran was granted a disability rating of 70 percent for bilateral hearing loss and a disability rating of 10 percent for tinnitus, which amounts to a combined rating of 73 percent and meets the schedular criteria for a TDIU rating.

Although the Veteran’s July 2015 VA examination indicates a functional impact of hearing loss including difficulty hearing and understanding conversational speech, it does not suggest that his bilateral hearing loss resulted in such occupational impairment that would have prevented him from working. Furthermore, the examiner indicated no functional impact of tinnitus. This evidence does not support referral to the Director of the Compensation and Pension Service for an opinion regarding entitlement to extraschedular TDIU. 

The Board notes the Court’s finding in Mayhue v. Shinseki, 24 Vet. App. 273 (2011), that if a claim for a TDIU is received by VA within one year of the grant of service connection, it is not part of a new claim for increased compensation; rather it is part of the initial application for benefits for that disability. 

The original claim for compensation for bilateral hearing loss and tinnitus was received on March 31, 2015. In an August 2015 rating decision, the RO granted service connection and assigned a disability rating of 50 percent for bilateral hearing loss and a disability rating of 10 percent for tinnitus effective March 31, 2015, the date the Veteran’s claim for service connection was received. The Veteran appealed the effective date assigned. In a February 2017 rating decision, the RO granted an earlier effective date of March 31, 2014, stating a clear and unmistakable error was made. 

On July 10, 2017, the RO received an intent to file a claim for compensation form from the Veteran. His claim for a TDIU rating and an increased evaluation for bilateral hearing loss was subsequently received on September 22, 2017. In a November 2017 rating decision, the RO granted a TDIU rating and a disability rating of 70 percent for bilateral hearing loss effective July 10, 2017, the date the RO received the Veteran’s intent to file. The Veteran appealed the effective date assigned for the TDIU rating.

Although the Veteran indicates that he has not worked since 2005 and attributes this to his bilateral hearing loss, he did not allege that he was unemployable in connection with his claims filed in 2015 nor did he submit evidence within a year after the grant of those claims indicating an inability to engage in substantially gainful employment. See e.g., October 2017 Report of General Information (VA Form 27-0820) and September 2017 Statement in Support of Claim (VA Form 21-4138). 

The September 2007 Social Security Administration (SSA) determination found that the Veteran’s disability began September 2005. To the extent to which SSA found the Veteran to be unemployable, decisions of the SSA regarding disability, while relevant, are not controlling with respect to VA determinations, particularly as adjudication of VA and Social Security claims are based on different laws and regulations. See Damrel v. Brown, 6 Vet. App. 242, 246 (1994); Murincsak v. Derwinski, 2 Vet. App. 363, 370-72 (1992).

The Board is constrained by the law and regulations governing the establishment of effective dates for the award of compensation. Entitlement arose as to the benefit on July 10, 2107, which is the date the RO received the Veteran’s intent to file. There is no indication the Veteran earlier sought the benefit, he did not meet the schedular TDIU criteria until July 10, 2017, and the evidence did not support referral to the Director of the Compensation and Pension Service for an opinion regarding entitlement to extraschedular TDIU prior to July 10, 2017.

An effective date earlier than July 10, 2017 for TDIU is not warranted. The preponderance of the evidence is against the claim; there is no doubt to be resolved. Therefore, the claim is denied.

2. Entitlement to an effective date earlier than July 10, 2017 for the award of a 70 percent rating for bilateral hearing loss.

The original claim for compensation for bilateral hearing loss was received on March 31, 2015. In the August 2015 rating decision, the RO granted service connection and assigned a disability rating of 50 percent for bilateral hearing loss effective March 31, 2015, the date the Veteran’s claim for service connection was received. The Veteran appealed the effective date assigned for the bilateral hearing loss rating. In the February 2017 rating decision, the RO granted an earlier effective date of March 31, 2014, stating a clear and unmistakable error was made. 

On July 10, 2017, the RO received an intent to file a claim for compensation form from the Veteran. In September 2017, the RO received a statement in support of claim on which the Veteran indicated he wished to file a claim for an increased rating for bilateral hearing loss. In the appealed November 2017 rating decision, the RO granted an increased evaluation of 70 percent for bilateral hearing loss effective July 10, 2017.

The Board is constrained by the law and regulations governing the establishment of effective dates for the award of compensation. Effective dates are generally determined by the date of receipt of a claim or date entitlement arose, whichever is later and here, no exceptions to the general rule are applicable. July 10, 2017 was the date of receipt of the Veteran’s intent to file.

The evidence from the July 2015 VA examination did not show that a 70 percent evaluation was warranted. It wasn’t until the November 2017 VA examination that it was factually ascertainable that an increase in the Veteran’s disability rating to 70 percent for bilateral hearing loss was warranted.

An effective date earlier than July 10, 2017 for the award of a 70 percent rating for bilateral hearing loss is not warranted. The preponderance of the evidence is against the claim; there is no doubt to be resolved. Therefore, the claim is denied.

REASONS FOR REMAND

1. Entitlement to service connection for coronary artery disease with history of myocardial infarction (claimed as heart condition) is remanded.

Remand is necessary to afford the Veteran a VA examination regarding his coronary artery disease. See McLendon v. Nicholson, 20 Vet. App. 79 (2006); Bell v. Derwinski, 2 Vet. App. 611 (1992).

The matter is REMANDED for the following action:

1. Request the Veteran provide any service treatment records he possesses or identify and secure any relevant private medical records that are not in the claims file. If the Veteran identifies private records, following the securing of the appropriate waivers, make all appropriate attempts to locate such records and to associate them with the claims file. If the Veteran has no further evidence to submit, or, if after exhaustive efforts have been made, no records can be identified, so annotate the record.

2. Obtain any outstanding VA medical records and associate them with the claims file.

3. Schedule the Veteran for an appropriate VA examination to determine the nature and etiology of his coronary artery disease. The entire claims file, including a copy of the Remand, should be made available to, and be reviewed by, the VA examiner. All appropriate tests, studies, and consultations should be accomplished and all clinical findings should be reported in detail. An explanation should be given for all opinions and conclusions rendered.

Based upon a review of the relevant evidence of record, history provided by the Veteran, and sound medical principles, the VA examiner should provide the following opinion:

(a.) Identify whether the Veteran’s coronary artery disease incurred in service or was caused by an in-service injury, event or illness, including his presumed exposure to herbicide agent.

The examiner must review the entire record in conjunction with rendering the requested opinions. In addition to any records that are generated because of this Remand, the VA examiner’s attention is drawn to the following:

• August 1974 Report of Medical Examination at Separation indicating a normal heart and vascular system. See “STR – Medical,” received April 22, 2015, page 4 of 20.

• April 2014 Clinician Note assessing coronary artery disease and ischemic cardiomyopathy. See “CAPRI,” received February 15, 2017, page 16 of 21.

• January 2015 After Visit Summary indicating hospitalization for heart failure. See “Correspondence,” received February 10, 2015.

• June 2016 Audiology Consult indicating the Veteran has had three heart attacks and has been implanted with a defibrillator. See “CAPRI,” received June 3, 2015, page 50 of 80.

A thorough explanation must be provided for the opinions rendered. If the examiner cannot provide the requested opinions without resorting to speculation, s/he should expressly indicate this and provide supporting rationale as to why the opinions cannot be made without resorting to speculation. 

(Continued on the next page)

 

The examiner is advised that by law, the mere statement that the claims folder was reviewed and/or the examiner has expertise is not sufficient to find the examination/opinion sufficient.

 

Vito A. Clementi

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD S. McLendon, Associate Counsel