Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 210514-160659
DATE: July 14, 2021

ORDER

The Agency of Original Jurisdiction (AOJ) having properly discontinued the special monthly compensation assigned the Veteran's service-connected disabilities, effective August 1, 2020, this claim is denied. 

FINDINGS OF FACT

1. In an August 2018 rating decision, on account of an award of a total disability rating based on individual unemployability (TDIU) and the presence of additional service-connected disabilities rated at least 60 percent disabling, the AOJ assigned the Veteran special monthly compensation under 38 U.S.C. § 1114(s).

2. In a March 2019 rating decision, based on clear and unmistakable error (CUE) in its August 2018 rating decision, the AOJ proposed to discontinue the special monthly compensation. 

3. In a May 2020 rating decision, the AOJ effectuated the proposed action, effective August 1, 2020, reducing the Veteran's overall VA compensation benefits.

4. The AOJ satisfied all procedural requirements in reducing the Veteran's benefits. 

5. In its August 2018 rating decision, the AOJ clearly and unmistakably erred by improperly applying pertinent statutory and regulatory provisions. 

CONCLUSION OF LAW

The AOJ properly discontinued the special monthly compensation assigned the Veteran's service-connected disabilities, effective August 1, 2020, based on clear and unmistakable error in its August 2018 rating decision. 38 U.S.C. §§ 1114, 1155; 38 C.F.R. §§ 3.105(e), 3.344(c), 3.350. 3.500. 

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran had active service from September 1967 to September 1997. His claim comes before the Board of Veterans' Appeals (Board) on appeal of a May 2020 Department of Veterans Affairs (VA) rating decision. In May 2021, within a year of notice of the rating decision, the Veteran submitted a VA Form 10182 (Decision Review Request: Board Appeal (Notice Of Disagreement)) to the Board, electing Direct Review by a Veterans Law Judge. 

Whether the AOJ properly discontinued the special monthly compensation assigned the Veteran's service-connected disabilities, effective August 1, 2020, based on clear and unmistakable error in its August 2018 rating decision

In an August 2018 rating decision, on account of an award of a total disability rating based on individual unemployability (TDIU) and the presence of additional service-connected disabilities rated at least 60 percent disabling, the AOJ assigned the Veteran special monthly compensation under 38 U.S.C. § 1114(s), effective from October 1, 2012. The special monthly compensation was still in effect when, in a March 2019 rating decision, based on a finding of CUE in its August 2018 rating decision, the AOJ proposed to discontinue that compensation. In a May 2020 rating decision, the AOJ effectuated the proposed action, effective August 1, 2020, reducing the Veteran's overall VA compensation benefits. According to a May 2020 memorandum, by that point, the Veteran had already received $32,183.79 in retroactively paid special monthly compensation. The AOJ determined that, due solely to its own administrative error and through no fault of the Veteran's, an overpayment resulted but would be forgiven. 

The Veteran now challenges the AOJ's finding that the August 2018 rating decision involved clear and unmistakable error. He claims that the August 2018 award of special monthly compensation under 38 U.S.C. § 1114(s), 38 C.F.R. § 4.16 and Bradley v. Peake, 22 Vet. App. 280 (2009) was appropriate and should not have been discontinued. He argues that the AOJ based that award on the Veteran's receipt of TDIU for heart disease (a single service-connected disability), and his other service-connected disabilities that combined to at least 60 percent. He points out that the discussion on page four of the August 2018 rating code sheet clearly reflects this fact. 

When a claimant challenges the propriety of a rating reduction or a discontinuance of benefits, the Board must determine whether, in reducing/discontinuing a rating, the AOJ complied with special due process considerations applicable to such actions. If so, the Board must then determine whether, at the time of the decision, the evidence of record supported the action. In certain cases, violating the due process considerations applicable to a reduction/discontinuation or failing to meet the standards for reducing a rating render the underlying reduction void ab initio. VA has the burden of justifying the rating reduction. See Brown v. Brown, 5 Vet. App. 413 (1993) (Board is required to establish, by a preponderance of the evidence and in compliance with 38 C.F.R. § 3.344, that a rating reduction is appropriate).

When the action is considered appropriate, resulting in a reduction of compensation payments then being made, the AOJ must issue a rating decision proposing the reduction/discontinuance and setting forth all material facts pertinent to and reasons therefor. 38 C.F.R. § 3.105(e). The AOJ must notify the affected individual that he or she has 60 days to present evidence to show that compensation payments should be continued at the present level and a right to a predetermination hearing. 38 C.F.R. § 3.105(e), (i). The effective date of the reduction or discontinuance will be the last day of the month in which a 60-day period from the date of notice to the beneficiary of the final rating decision expires. 38 C.F.R. § 3.105(e).

Here, in March 2019, the AOJ notified the Veteran that, based on CUE in its August 2018 rating decision, it proposed to discontinue his special monthly compensation. The AOJ explained that, in its August 2018 rating decision, it had clearly and unmistakably erred by granting special monthly compensation when the award of TDIU was not based on a single disability, separate from those disabilities considered 60 percent disabling. The AOJ also noted that the Veteran no longer met the requirements of special monthly compensation on the basis granted. 

In the rating decision and a March 2019 notification letter, the AOJ advised the Veteran that if he disagreed with the AOJ's proposed action, he had 60 days to submit new evidence and a right to request a personal hearing. In May 2020, the AOJ implemented the proposed action, but effective August 1, 2020, after the required 60-day period, based on CUE in the August 2018 rating decision. The AOJ thus complied with all procedural requirements listed in 38 C.F.R. § 3.105, pertinent to rating reductions. The question thus becomes whether, as the AOJ found, the August 2018 rating decision involved clear and unmistakable error. 

In determining whether a prior determination involves clear and unmistakable error: (1) either the correct facts, as they were known at the time of the decision, were not before the adjudicator (i.e., there must be more than simple disagreement on how the facts were weighed or evaluated), or the statutory/regulatory provisions extant at that time were not correctly applied; (2) the error must be "undebatable" and of the sort which, if it had not been made, would have manifestly changed the outcome at the time it was made; and (3) the finding of clear and unmistakable error must be based on the record and law that existed at the time of the adjudication in question. Damrel v. Brown, 6 Vet. App. 242, 245 (1994) (citing Russell v. Principi, 3 Vet. App. 310, 313-14 (1992) (en banc)). Clear and unmistakable error is a very specific and rare kind of error. Even when the premise of error is accepted, it must be absolutely clear that a different result would have ensued for the error to be clear and unmistakable. Fugo v. Brown, 6 Vet. App. 40, 43-44 (1993) (citing Russell, 3 Vet. App. at 313-14).

In the Veteran's case, statutory and regulatory provisions were not correctly applied in August 2018, and, had this error not occurred, a different result would have ensued. At that time, special monthly compensation was payable under 38 U.S.C. § 1114(s) when a claimant had a single permanent disability rated 100 percent disabling and also (1) had additional service-connected disability or disabilities independently ratable at 60 percent or more, or (2) was "permanently housebound" by reason of service-connected disability or disabilities. 38 U.S.C. § 1114(s); 38 C.F.R. § 3.350(i). The disabilities independently ratable at 60 percent or more were required to be separate and distinct from the 100 percent service-connected disability and involving different anatomical segments or bodily systems. 38 C.F.R. § 3.350(i)(1). A TDIU satisfied the total rating requirement for purposes of entitlement to special monthly compensation if it was or could be predicated upon a single disability, and there existed additional disability or disabilities independently ratable at 60 percent or more. Bradley v. Peake, 22 Vet. App. 280, 293 (2008). A TDIU based on multiple service-connected disabilities did not satisfy the criteria for one total disability in considering entitlement under 38 U.S.C. § 1114(s). Buie v. Shinseki, 24 Vet. App. 242, 249-250 (2010) ("The Court today holds that a TDIU rating that is based on multiple disabilities cannot satisfy the section 1114(s) requirements of 'a service-connected disability' because that requirement must be met by a single disability.").

In its August 2018 rating decision, the AOJ acknowledged the requirements of these statutory and regulatory provisions but erred by providing conflicting findings as to whether the facts in the Veteran's case satisfied these requirements. According to the body of its rating decision, the AOJ granted a TDIU based on all the Veteran's service-connected disabilities, listing each. Curiously, it then included a paragraph denying it on the basis that such disabilities did not prevent all employment. The AOJ then found entitlement to special monthly compensation at the housebound rate under 38 U.S.C. § 1114(s) and 38 C.F.R. § 3.340(i) on account of an award of a TDIU based on a single disability and additional disabilities rated at 60 percent or more. As the Veteran claims, page four of the code sheet reflects grants of a TDIU and special monthly compensation, the latter based on the same reasoning provided in the rating decision. 

While clearly understanding the requirements of the relevant legal provisions, in applying those provisions to the facts of the Veteran's case, the AOJ erred by offering completely conflicting findings. The August 2018 rating decision thus involved clear and unmistakable error, necessitating the May 2020 discontinuance of the special monthly compensation. 

As previously indicated, the Veteran received special monthly compensation covering the period extending from October 1, 2012 to August 1, 2020 (in excess of $30,000) on account of a TDIU based solely on his heart disease and additional disabilities rated at least 60 percent disabling. Following the discontinuance of that benefit, the AOJ determined that the payment thereof was due solely to its own error. As such, the Veteran is not responsible for reimbursing VA for the overpayment that resulted. In addition, as the AOJ noted in its May 2020 rating decision, at the time of the discontinuance, the Veteran no longer met the requirements of special monthly compensation on the basis asserted. Indeed, in January 2019, the AOJ reduced the rating assigned the Veteran's heart disease from 60 to 30 percent, suggesting that such disease, alone, would not be sufficiently severe as to support a TDIU rating. The Veteran initiated an appeal of the decision, but after the AOJ issued a statement of the case in response, the Veteran did not follow up by perfecting an appeal of the claim. The Veteran has not since alleged, and the record does not show, that any one particular service-connected disability, to include the heart disease, alone, renders him 100 percent disabled, a prerequisite to establishing his entitlement to special monthly compensation under 38 U.S.C. § 1114(s) and 38 C.F.R. § 3.350(i). 

 

 

LESLEY A. REIN

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board L. N.

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.