﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 201202-123643
DATE: March 31, 2021

ORDER

Entitlement to an effective date earlier than April 14, 2020, for the award of a higher level of special monthly compensation (SMC) based on aid and attendance, including an award of a higher level of SMC, on the basis of clear and unmistakable error (CUE) in a prior rating decision, is denied.

FINDING OF FACT

The statutory and regulatory provisions existing at the time of previous rating decisions regarding the Veteran’s entitlement to SMC based on aid and attendance were correctly applied to the record as it existed then, and did not result in an undebatable error, the sort which would have manifestly changed the outcome had it not been made.

CONCLUSION OF LAW

The criteria for an effective date earlier than April 14, 2020, for the award of a higher level of SMC based on aid and attendance, including an award of a higher level of SMC, on the basis of CUE, have not been satisfied. 38 U.S.C. § § 1114, 5110; 38 C.F.R. §§ 3.105, 3.151, 3.155, 3.350, 3.352, 3.400.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from July 1952 to September 1956.

This matter is on appeal to the Board of Veterans’ Appeals (Board) from an October 2020 rating decision issued by a Department of Veterans Affairs (VA) Regional Office (RO). In a December 2020 VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement), the Veteran timely appealed the portion of the rating decision pertaining to the issue above and requested direct review of the evidence considered by the RO. 38 C.F.R. § 20.202.

By way of background, the Veteran was awarded an increased 100 percent rating for service-connected Meniere’s disease (an inner ear disorder) in June 2018. In July 2018, the Veteran submitted a VA Form 21-2680, Examination for Housebound Status or Permanent Need for Regular Aid and Attendance, completed by his VA treatment provider at the Washington, DC VA Medical Center (VAMC), requesting entitlement to special monthly compensation under 38 U.S.C. § 1114(r). The Board notes that the Veteran was hospitalized at the Washington VAMC for an acute pontine infarction (a stroke) resulting in hemiparesis on his left side on July 09, 2018. The above Form 21-2680 was completed two days later, and noted that the Veteran was unable to ambulate alone, with leg, hand, and forearm weakness on his left side. 

The RO denied the Veteran’s claim entitlement to SMC under § 1114(r) in September 2018, based on the Form 21-1680 indicating that he was hospitalized for a nonservice-connected condition. The records did not show that his service-connected impairments caused him to be so helpless that he was permanently bedridden or in need of regular aid and attendance to perform routine activities of daily living or to protect himself from the hazards of daily living, had permanently lost the use of his arms or legs, was blind in both eyes with a visual acuity of 5/200 or less, or his visual fields were contracted to 5 degrees or less. See 38 C.F.R. §§ 3.350, 3.352. 

An additional VA Form 21-1680 was submitted in January 2019, and the claim for entitlement to SMC based on aid and attendance was again denied by the RO in March 2019 for the previous reasons. While the record reflected the Veteran needed a home health aide, it did not reflect that this need was due to service-connected disabilities. The March 2019 rating decision was not timely appealed, and it became final. See 38 U.S.C. § 7105(c); 38 C.F.R. § 20.1103.

In July 2020, the Veteran filed a new claim for SMC based on the need for aid and attendance, effective the date of an intent to file submitted on April 14, 2020. Of note, evidence reflected that the Veteran’s 100 percent service-connected Meniere’s resulted in frequent falls, requiring assistance in performing tasks of daily living. Additionally, as the record reflected another service-connected condition that is independently ratable at 100 percent, a higher level of SMC, in combination with his aid and attendance benefit was awarded under 38 U.S.C. § 1114(p) and 38 § C.F.R. 3.350(f)(4).

In October 2020, the Veteran filed what the RO interpreted as a claim for an earlier effective date as to the assignment of the April 14, 2020, effective date for the award of SMC based on the need for aid and attendance, including the higher level of SMC, based on CUE in a prior rating decision. Essentially, the Veteran asserted that his award of SMC based on aid and attendance should be awarded back to the date of his award of a 100 percent rating for Meniere’s. The effective date claim, including on the basis of CUE, was denied later in October 2020, resulting in the present appeal. While the Board acknowledges that there are a number of rating decisions of record pertaining to the Veteran’s multiple SMC payments, he specifically referenced the RO’s October 23, 2020, rating decision that denied his CUE claim in his VA Form 10182 Board appeal. As such, only that RO determination in that rating decision is under appellate review before the Board at his time. 

CUE

In Rudd v. Nicholson, 20 Vet. App. 296, 299-300 (2006), the United States Court of Appeals for Veterans Claims (Court) held that once a decision establishing an effective date becomes final, the only way that such a decision can be revised is if it contains clear and unmistakable error. See also 38 C.F.R. §§ 3.104, 3.105. The Court noted that any other result would vitiate the rule of finality and, accordingly, the found that there can be no valid freestanding claim for an earlier effective date. As noted above, the Veteran’s claim for SMC based on aid and attendance was initially denied by the RO in September 2018 and March 2019. Neither decision was timely appealed, and they became final. See 38 U.S.C. § 7105(c); 38 C.F.R. § 20.1103. Thus, the issue is whether there was CUE in either decision that denied entitlement. 

The Court has set forth a three-pronged test to determine whether CUE is present in a prior determination: (1) either the correct facts, as they were known at the time, were not before the adjudicator (i.e., more than a simple disagreement as to how the facts were weighed or evaluated) or the statutory or regulatory provisions extant at that time were incorrectly applied; (2) the error must be “undebatable” and of the sort which, had it not been made, would have manifestly changed the outcome at the time it was made; and (3) a determination that there was CUE must be based on the record and law that existed at the time of the prior adjudication in question. Damrel v. Brown, 6 Vet. App. 242 (1994), Russell v. Principi, 3 Vet. App. 310 (1992).

Judicial precedent has consistently stressed the rigorous nature of the concept of CUE. “Clear and unmistakable error is an administrative failure to apply the correct statutory and regulatory provisions to the correct and relevant facts. It is not mere misinterpretation of facts.” Oppenheimer v. Derwinski, 1 Vet. App. 370, 372 (1991).

The Court has further stated that a CUE is a very specific and a rare kind of “error.” It is the kind of error, of fact or of law, that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error. Thus, even where the premise of error is accepted, if it is not absolutely clear that a different result would have ensued, the error complained of cannot be clear and unmistakable. Fugo v. Brown, 6 Vet. App. 40, 43-44 (1993), citing Russell v. Principi, 3 Vet. App. at 313 (en banc).

An assertion of CUE is a collateral attack on an otherwise final rating decision by a VA regional office. Smith v. Brown, 35 F.3d 1516, 1527 (Fed. Cir. 1994). As such, there is a presumption of validity that attaches to a final decision, and when such a decision is collaterally attacked, the presumption becomes even stronger. Fugo, 6 Vet. App. at 43-44. Therefore, a claimant who seeks to obtain retroactive benefits based on CUE has a much heavier burden than that placed on a claimant who seeks to establish prospective entitlement to VA benefits. Akins v. Derwinski, 1 Vet. App. 228, 231 (1991).

Where evidence establishes CUE, the prior decision will be reversed or amended. For the purpose of authorizing benefits, the rating decision, which constitutes a reversal of a prior decision on the grounds of CUE, has the same effect as if the corrected decision had been made on the date of the reversed decision. 38 C.F.R. §§ 3.104(a); 3.400(k).

At the time of the September 2018 and March 2019 rating decisions, the regulations regarding an award of SMC based on the need for aid and attendance required that a veteran, due to service-connected disability, had suffered the anatomical loss or loss of use of both feet or one hand and one foot, or is blind in both eyes, or is permanently bedridden or so helpless as to be in need of regular aid and attendance. See 38 U.S.C. § 1114(l); 38 C.F.R. § 3.350(b). 

In both its September 2018 and March 2019 rating decisions, the RO, in pertinent part, denied entitlement to SMC based on aid and attendance on a determination that, while the Veteran met the criteria for entitlement for this benefit, he was not in need of regular aid and attendance due to a service-connected disability or disabilities. As noted above, the Veteran’s medical records, including a VA Form 21-1680, indicated that it was a non-service-connected stroke that resulted in need of regular aid and attendance to perform routine activities of daily living or to protect himself from the hazards of daily living under 38 C.F.R. §§ 3.350 and 3.352. 

The Veteran’s argument is essentially a disagreement as to how the facts were weighed or evaluated by the adjudicator. However, “[i]t is the prerogative of the factfinder . . . to interpret the evidence and draw reasonable inferences from it.” Evans v. McDonald, 27 Vet. App. 180, 187 (2014) (citing Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011); Gilbert v. Derwinski, 1 Vet. App. 49, 52 (1990)). A disagreement as to how the facts were weighed does not support a finding of CUE. Fugo, 6 Vet. App. at 43-44.

To any extent the Veteran’s contends that the RO failed to undertake additional development or otherwise failed to fully discharge the duty to assist, a breach of the duty to assist cannot constitute CUE. Cook v. Principi, 318 F.3d 1334, 1345-47 (Fed. Cir. 2002); see also Caffrey v. Brown, 6 Vet. App. 377, 384 (1994). As noted by the United States Court of Appeals for the Federal Circuit (Federal Circuit) in Cook, the requirements that a clear and unmistakable error be both outcome determinative and based on the record that existed at the time of the original decision make it impossible for a breach of the duty to assist to form the basis for a CUE claim. Cook, 318 F.3d at 1346. 

For these reasons, and absent further allegation of CUE, the Board finds that the correct facts, as known at the time, were before the VA adjudicators in September 2018 and March 2019 and the statutory and regulatory provisions extant at the time were correctly applied. Consequently, the Board finds that the September 2018 and March 2019 rating decisions were not clearly and unmistakably erroneous and no revision of either is warranted. 

The Board finds that April 14, 2020, the date of his intent to file a new application for entitlement to SMC based on the need for aid and attendance, is the earliest possible date available for the award of the benefit sought. Except as otherwise provided, the effective date of an evaluation and award of compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110; 38 C.F.R. § 3.400. A specific claim in the form prescribed by the Secretary must be filed in order for benefits to be paid to any individual under the laws administered by VA. 38 U.S.C. § 5101(a); 38 C.F.R. § 3.151(a). A “claim” or “application” is a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement to a benefit. 38 C.F.R. § 3.1(p). An informal claim must identify the benefit sought. 38 C.F.R. § 3.155(a). If a formal claim is received within one year of an informal claim, it will be considered filed as of the date of receipt of the informal claim. 38 C.F.R. § 3.155.

Here, although the evidence prior to April 14, 2020, may have shown that the Veteran was in need of aid and attendance based on service-connected disabilities, the RO’s September 2018 and March 2019 rating decision denying his claim became final. The governing law and regulation are clear that (with exceptions not here applicable) an award of service connection based on a formal or informal claim is the date of receipt of the claim, including after a final, disallowed claim. The evidence shows that an intent to file a claim was received on April 14, 2020.

Based on the foregoing, the Veteran’s claim for entitlement to an effective date earlier than April 14, 2020, for the award of a higher level of SMC based on aid and attendance, including an award of a higher level of SMC, on the basis of CUE is denied. 

 

M. C. WILSON

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board R. Scarduzio, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.